■ FLANDERS ASSOCIATES, Appellant, v TOWN OF SOUTHAMPTON, Respondent. [603 NYS2d 176] —In an action, *inter alia,* for a judgment declaring unconstitutional a resolution of the Town of Southampton, adopted March 28, 1989, which, *inter alia,* imposed a moratorium on development in the western portion of the Town, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Floyd, J.), entered July 3, 1991, which denied its motion for summary judgment, granted the defendant summary judgment, and dismissed the complaint.

Ordered that the order is affirmed, with costs.

Contrary to the plaintiff's contention, the Supreme Court properly determined that its causes of action are moot. Although the March 28, 1989, resolution of the Town of Southampton imposing a moratorium on development in the western portion of the Town burdened the plaintiff's property, that resolution, insofar as it delineated the area subject to the moratorium, was superseded by Local Law, 1990, No. 25 of the Town of Southampton. Significantly, that Local Law exempted the plaintiff's property from the moratorium *(see, e.g.,* McKinney's Cons Laws of NY, Book 1, Statutes § 391). Therefore, the plaintiff's causes of action seeking a declaration that the resolution is unconstitutional and an injunction against enforcement of the moratorium are moot.

The plaintiff contends that it is also seeking recovery for a temporary taking. However, this claim is belied by the complaint which contains no claim for such recovery and was never amended.

We note, additionally, that this case does not present an exception to the mootness doctrine (see, Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714).

In light of our determination, we decline to address the plaintiff's remaining contentions. Lawrence, J. P., Eiber, O'Brien and Santucci, JJ., concur.