◼ LAURENCE S. BAKER, Appellant, v MITCHELL H. LEVITIN, Respondent. [622 NYS2d 8] —Order, Supreme Court, New York County (Carol Arber, J.), entered on or about December 16, 1993, which, insofar as appealed from, denied plaintiff's motion to amend his complaint to add his wife as a party-plaintiff, unanimously affirmed, without costs.

In an action in which plaintiff claims that a cause of action he had for personal injuries sustained in an automobile accident was dismissed because of defendant's malpractice in failing to timely serve a complaint in accordance with CPLR 3012 (b), plaintiff's motion to add his wife as a party-plaintiff on the theory that a cause of action she had for loss of services was also lost because of defendant's malpractice *(see, Millington v Southeastern El. Co.,* 22 NY2d 498, 507-508), was properly denied. Plaintiff's wife's proposed cause of action for legal malpractice accrued upon expiration of the statute of limitations on plaintiff's cause of action for personal injuries *(Glamm v Allen,* 57 NY2d 87, 93) and was therefore already barred by the three-year statute of limitations (CPLR 214 [6]) by the time the instant motion was made. Nor is the proposed cause of action saved by the "continuous representation" doctrine *(see, supra,* at 93-94), based as it is on defendant's alleged failure to undertake any legal action on the wife's behalf in the underlying personal injury action *(cf., Nykorchuck v Henriques,* 78 NY2d 255, 259). Moreover, an affirmance is also warranted on the ground of lack of privity between plaintiff's wife and defendant. Plaintiff's claim of lack

of recollection whether defendant gave him a retainer for his wife to sign is equivocal and insufficient to controvert defendant's assertion that he did advise plaintiff that his wife had a potential cause of action for loss of services, but that she did not retain him despite his advice to plaintiff that she do so by signing a copy of the retainer agreement. *Jordan v Lipsig, Sullivan, Mollen & Liapakis* (689 F Supp 192) is therefore distinguishable, and we need not consider whether we would follow the holding of that case, carving out an exception to the strict requirement of privity, had defendant failed to commence an action on plaintiff's wife's behalf without ever advising plaintiff of her potential cause of action for loss of services.

Although we perceive no legal basis for permitting plaintiff to add a cause of action for legal malpractice based on defendant's failure to commence an action on behalf of his wife, we cannot remedy this aspect of the IAS Court's order in the absence of a cross appeal by defendant who, unlike the defendant-respondent in *Parochial Bus Sys. v Board of Educ.* (60 NY2d 539), is a party aggrieved by the order on appeal. Concur—Sullivan, J. P., Rosenberger, Nardelli and Williams, JJ.