■ W.J.F. REALTY CORP. et al., Respondents-Appellants, v TOWN OF SOUTHAMPTON et al., Appellants-Respondents. [659 NYS2d 81] —In an action, *inter alia,* for a judgment declaring unconstitutional the Western Generic Environmental Impact Statement Law of Town of Southampton (a resolution of Town of Southampton, adopted Mar. 28, 1989, which was superseded by Local Laws, 1990, No. 25 of Town of Southampton, which was superseded by Local Laws, 1992, No. 1 of Town of Southampton, which was superseded by Local Laws, 1992, No. 32 of Town of Southampton), which, among other things, imposed a moratorium on development in the western portion of the Town of Southampton, the defendants appeal from (1) so much of an order of the Supreme Court, Suffolk County (Seidell, J.), dated November 6, 1995, as granted the plaintiffs' motion for partial summary judgment on the first cause of action to the extent of declaring the moratorium unconstitutional, and (2) an order of the same court entered August 6, 1996, and the plaintiffs cross-appeal from so much of the order entered August 6, 1996, as denied their cross motion for reargument of that portion of the order dated November 6, 1995, which, upon searching the record, granted the defendants partial summary judgment dismissing the causes of action to recover damages for the regulatory taking by the defendants of the plaintiffs' property.

Ordered that the appeal from the order entered August 6, 1996, is deemed to be withdrawn pursuant to a letter dated January 15, 1997; and it is further,

Ordered that the cross appeal from the order entered August 6, 1996, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated November 6, 1995, is reversed insofar as appealed from, on the law, the plaintiffs' motion for partial summary judgment on the first cause of action is denied, and, upon searching the record, the defendants are granted partial summary judgment dismissing the first cause of action as academic; and it is further,

Ordered that the defendants are awarded one bill of costs.

In March 1993 the plaintiffs commenced this action seeking, *inter alia,* a declaration that the moratorium on development within the western portion of the Town of Southampton was unconstitutional because it was excessively long. On July 23, 1995, the moratorium expired. Thus, the Supreme Court should have dismissed, as academic, the first cause of action, which sought a declaration that the resolution was unconstitutional because it was excessively long *(see, Flanders Assocs. v Town of Southampton,* 198 AD2d 328).

The defendants' contention that the Supreme Court should have dismissed the seventh, eighth, and ninth causes of action is not properly before us. The Town's notice of appeal specified that the appeal was limited to that part of the order granting the plaintiffs' motion for partial summary judgment on the first cause of action. Accordingly, the Town has waived the right to raise any issues regarding the remainder of the order *(see, City of Mount Vernon v Mount Vernon Hous. Auth.,* 235 AD2d 516; *Royal v Brooklyn Union Gas Co.,* 122 AD2d 132, 133). Mangano, P. J., Copertino, Florio and McGinity, JJ., concur.