■ W.J.F. REALTY CORP. et al., Respondents-Appellants, v TOWN OF SOUTHAMPTON et al., Appellants-Respondents. [690 NYS2d 725] —In an action, *inter alia*, to recover damages for alleged violations of the Equal Protection Clauses of the United States Constitution and the New York State Constitution, (1) the defendants appeal, as limited by their brief, from stated portions of a judgment of the Supreme Court, Suffolk County (Seidell, J.), entered January 23, 1998, which, *inter alia*, is in favor of the plaintiffs and against them in the principal sum of $7,164,499.54, and (2) the plaintiffs cross-appeal from so much of the same judgment as deducted the sum of $1,356,000 from

the damages awarded in calculating the principal sum of the judgment.

Ordered that the judgment is reversed insofar as appealed from, on the law and the facts, and the complaint is dismissed; and it is further,

Ordered that the cross appeal is dismissed as academic; and it is further,

Ordered that the defendants are awarded one bill of costs.

The plaintiffs challenged various official actions by the Town of Southampton (hereinafter the Town) which they claim constituted a regulatory taking of their property. These actions included, *inter alia*, a moratorium on development of the western portion of the Town pending preparation of a generic environmental impact statement for the area, and the denial by the Town of their application for an exemption from the moratorium. In a prior order dated November 6, 1995, the Supreme Court, upon searching the record pursuant to CPLR 3212 (b), dismissed several causes of action alleging a regulatory taking (*see, W.J.F. Realty Corp. v Town of Southampton,* 240 AD2d 657).

After a nonjury trial, the Supreme Court found that the denial in December 1993 of the plaintiffs' application for an exemption from the Town's moratorium on development denied the plaintiffs their right to equal protection. The judgment appealed from awards the plaintiffs damages for violation of their right to equal protection of the law, and pursuant to 42 USC § 1983 for violation of the Equal Protection Clause of the United States Constitution, and dismisses the plaintiffs' seventh and eighth causes of action.

At the outset, we note that the plaintiffs' notice of cross appeal limits the cross appeal to so much of the judgment "as deducted the sum of $1,356,000.00 from the damages recoverable by the plaintiffs against defendants". Therefore, the plaintiffs may not seek appellate review of so much of the judgment as dismissed the seventh and eighth causes of action (*see, City of Mount Vernon v Mount Vernon Hous. Auth.,* 235 AD2d 516; *Baker v Levitin,* 211 AD2d 507, 508; *cf., Parochial Bus Sys. v Board of Educ.,* 60 NY2d 539), nor may they seek review of the dismissal of those causes of action which were dismissed prior to the trial (*see, Bellevue S. Assocs. v HRH Constr. Corp.,* 78 NY2d 282, 299, n 5).

With respect to the causes of action sustained by the trial court, which allege that the plaintiffs were deprived of equal protection of the law, the plaintiffs failed to establish those al-

legations by legally sufficient evidence. It should be noted that the instant action was commenced in March 1993. The plaintiffs, in their first cause of action, asserted that the moratorium on development imposed by the Town in 1989 was unconstitutional as applied to them because it was excessively long. Although the moratorium provided for a procedure for seeking an exemption from its terms, the plaintiffs did not apply for an exemption until after the instant action was pending. After their application was denied in December 1993 they amended their complaint to assert that the denial of the exemption entitled them to damages. The moratorium expired in 1995. As a result, this Court dismissed the plaintiffs' first cause of action as academic prior to trial (*see, W.J.F. Realty Corp. v Town of Southampton, supra,* at 658).

After a nonjury trial, the Supreme Court found that the plaintiffs were deprived of equal protection of the law based solely upon the denial of the application for an exemption in December 1993. In so doing, the Supreme Court failed to consider whether the plaintiffs' property was similarly situated to other properties granted an exemption from the Town moratorium. The law is well settled that to establish that their right to equal protection of the law was violated, it is not enough that the plaintiffs were treated differently than others; the others with whom a comparison is made must be similarly situated to the plaintiffs (*see, Zahra v Town of Southold,* 48 F3d 674). Here, the record discloses that not one of the other properties for which an exemption was granted is comparable to the plaintiffs' in any meaningful way. Inasmuch as the plaintiffs failed to demonstrate that they were treated differently than similarly-situated property owners, the Supreme Court erred in finding that the plaintiffs were denied equal protection of the law (*see, Cedarwood Land Planning v Town of Schodack,* 954 F Supp 513, 525; *A.B.C. Home Furnishings v Town of E. Hampton,* 947 F Supp 635).

Moreover, the weight of the credible evidence adduced at trial does not support the plaintiffs' contention that the Town's conduct was not in furtherance of legitimate governmental objectives (*see, Town of Tonawanda v Ayler,* 68 NY2d 836; *Abberbock v County of Nassau,* 213 AD2d 691; *Kasper v Town of Brookhaven,* 142 AD2d 213; *Blitz v Town of New Castle,* 94 AD2d 92). In denying the exemption, the Town noted that the area is in the "core preservation area" covered by Environmental Conservation Law article 57 (*see,* ECL 57-0105), and is "one of the largest remaining undeveloped tracts * * * in the central Pine Barrens area". The plaintiffs do not dispute this.

In light of our determination, the issue raised on the cross appeal is academic. Altman, J. P., Goldstein, Florio and Mc-Ginity, JJ., concur.