[866 NE2d 1030, 834 NYS2d 702]

CAROL W. ZORN, Appellant, v RITA K. GILBERT et al., Respondents.

Decided April 3, 2007

### APPEARANCES OF COUNSEL

*Robert M. Cohen*, Ballston Lake, for appellant.

*Housman & Associates, P.C.*, New York City (*Brian J. Divney* of counsel), for respondents.

### OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be modified, without costs, by reinstating the legal malpractice cause of action and remitting to Supreme Court for consideration of issues raised by defendants on the motion to dismiss but not reached by that court and, as so modified, affirmed.

Defendants moved to dismiss the complaint alleging, in part, that plaintiff's legal malpractice cause of action was barred by the statute of limitations. An action to recover damages arising

from legal malpractice must be commenced within three years after accrual (*see* CPLR 214 [6]; 203 [a]). "The continuous representation doctrine tolls the statute of limitations . . . where there is a mutual understanding of the need for further representation on the specific subject matter underlying the malpractice claim" (*McCoy v Feinman*, 99 NY2d 295, 306 [2002]; *see also Shumsky v Eisenstein*, 96 NY2d 164, 167-168 [2001]). Plaintiff's cause of action accrued, at the latest, on December 4, 1997, when a judgment of divorce was entered in the underlying action (*see McCoy*, 99 NY2d at 305). Defendants' representation of plaintiff in the underlying action ended, at the earliest, in June 1998. Inasmuch as this action was commenced in May 2001, the Appellate Division erred in holding that plaintiff's cause of action alleging legal malpractice was time-barred (*see McCoy*, 99 NY2d at 305; *Shumsky*, 96 NY2d at 167-168). Issues regarding plaintiff's other causes of action, decided by the courts below, are not raised before us.

Chief Judge KAYE and Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur.

On review of submissions pursuant to section 500.11 of the Rules of the Court of Appeals (22 NYCRR 500.11), order modified, without costs, by reinstating the legal malpractice cause of action and remitting to Supreme Court, Westchester County, for further proceedings in accordance with the memorandum herein and, as so modified, affirmed.