■ BIBI SINGH, Appellant, v ADAM J. EDELSTEIN, Respondent. [962 NYS2d 225]—

In an action, inter alia, to recover damages for legal malpractice, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (McDonald, J.), dated January 26, 2012, which granted that branch of the defendant's motion which was

pursuant to CPLR 3211 (a) (5) to dismiss the complaint as barred by the applicable statute of limitations, and (2) a judgment of the same court entered March 8, 2012, which, upon the order, dismissed the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The plaintiff commenced this action against her divorce attorney in August 2011, claiming that the defendant attorney committed legal malpractice when he failed to supervise the execution of a postnuptial agreement in November 2007. The defendant moved, inter alia, pursuant to CPLR 3211 (a) (5) to dismiss the complaint as barred by the applicable statute of limitations. The Supreme Court granted that branch of the defendant's motion and dismissed the complaint as time-barred.

To dismiss a complaint pursuant to CPLR 3211 (a) (5) on the ground that it is barred by the applicable statute of limitations, a defendant bears the initial burden of establishing, prima facie, that the time in which to sue has expired (*see DeStaso v Condon Resnick, LLP*, 90 AD3d 809, 812 [2011]). The statute of limitations for a cause of action sounding in legal malpractice is three years (*see Matter of R.M. Kliment & Frances Halsband, Architects [McKinsey & Co., Inc.]*, 3 NY3d 538 [2004]). The three-year period of limitations runs from the day of the alleged malpractice (*see Alicanti v Bianco*, 2 AD3d 373, 374 [2003], citing *McCoy v Feinman*, 99 NY2d 295, 306 [2002]). The statute of limitations for legal malpractice may be tolled by the continuous representation doctrine " 'where there is a mutual understanding of the need for further representation on the specific subject matter underlying the malpractice claim' " (*Zorn v Gilbert*, 8 NY3d 933, 934 [2007], quoting *McCoy v Feinman*, 99 NY2d at 306).

Here, the defendant met his initial burden by establishing that the alleged malpractice occurred in November 2007, when the postnuptial agreement was executed, and that the action was commenced in August 2011, more than three years thereafter. Accordingly, the burden then shifted to the plaintiff to raise

a question of fact as to whether the statute of limitations was tolled or otherwise inapplicable, or whether she actually commenced this action within the applicable limitations period (*see Jalayer v Stigliano*, 94 AD3d 702, 703 [2012]; *DeStaso v Condon Resnick, LLP*, 90 AD3d at 812; *Williams v New York City Health & Hosps. Corp.*, 84 AD3d 1358, 1359 [2011]; *Krichmar v Scher*, 82 AD3d 1164, 1165 [2011]). The plaintiff failed to meet that burden (*see Williamson v PricewaterhouseCoopers LLP*, 9 NY3d 1, 11 [2007]; *Rodeo Family Enters., LLC v Matte*, 99 AD3d 781, 784 [2012]).

Although the complaint alleges causes of action sounding in legal malpractice and breach of contract, the breach of contract cause of action is duplicative of the legal malpractice cause of action (*see Gaskin v Harris*, 98 AD3d 941, 943 [2012]; *Leon Petroleum, LLC v Carl S. Levine & Assoc., P.C.*, 80 AD3d 573, 574 [2011]). Accordingly, dismissal of the cause of action sounding in legal malpractice as time-barred warranted dismissal of the complaint in its entirety. Dillon, J.P., Dickerson, Leventhal and Hinds-Radix, JJ., concur.