■ HENRIETTE LOUZOUN, Also Known as H. MALKA LOUZOUN, Respondent, v KROLL MOSS AND KROLL, LLP, et al., Appellants. [979 NYS2d 94]—

The defendant law firm, Kroll Moss and Kroll, LLP (hereinafter KMK), represented the plaintiff at a matrimonial trial that concluded on February 21, 2008, and in the execution of a re-

lated visitation stipulation dated May 9, 2008. The plaintiff alleges that KMK committed various acts of professional malpractice during the course of its representation. The instant action was commenced against KMK and the individual attorney defendants by the filing of a summons and complaint on August 9, 2011. The defendants moved to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (5), arguing that the action was commenced beyond the three-year statute of limitations measured from the termination of the attorney-client relationship.

In support of their motion, the defendants proffered an email message from the plaintiff dated August 7, 2008, in which the plaintiff expressed dissatisfaction with KMK, accused KMK of having committed malpractice, disputed fees, and demanded her legal file. The defendants argued that the August 7, 2008, email message ended the trust and confidence required of a continuing attorney-client relationship, rendering the action commenced on August 9, 2011, untimely. In opposition, the plaintiff argued that her action was timely commenced, as the defendants' representation of her continued until August 19, 2008, the date on which she executed a formal consent to change attorney. The Supreme Court denied the defendants' motion.

To dismiss a complaint pursuant to CPLR 3211 (a) (5) as barred by the applicable statute of limitations, the defendant bears the burden of establishing, prima facie, that the time in which to sue had expired prior to the commencement of the action (*see Singh v Edelstein*, 103 AD3d 873 [2013]; *DeStaso v Condon Resnick, LLP*, 90 AD3d 809, 812 [2011]). The statute of limitations for legal malpractice is three years measured from the date of the alleged malpractice (*see* CPLR 214 [6]; *McCoy v Feinman*, 99 NY2d 295, 301 [2002]; *Shumsky v Eisenstein*, 96 NY2d 164, 166 [2001]; *Singh v Edelstein*, 103 AD3d at 873), but may be tolled by operation of the continuous representation doctrine (*see Zorn v Gilbert*, 8 NY3d 933, 934 [2007]; *Shumsky v Eisenstein*, 96 NY2d at 167). Documentary evidence may entitle a defendant to the dismissal of a complaint pursuant to CPLR 3211 (a) (1), but only where such evidence "conclusively establishes a defense to the asserted claims as a matter of law" (*Leon v Martinez*, 84 NY2d 83, 88 [1994]).

Here, the plaintiff's email message dated August 7, 2008, does not conclusively contradict the allegation, set forth in paragraph 103 of her complaint, that the defendants were not discharged as her counsel until August 19, 2008. The email message makes demands and accusations but does not necessarily or unequivocally terminate the parties' attorney-client relationship. The email message states, inter alia, that, "without the judgment

being signed, I have no money with which to pay," which suggests the need for further legal work to be performed, and also states that since the plaintiff and counsel both attend the same synagogue, "it will be a pity to have bad blood between us." In light of those statements, and the consent to change attorney that was not executed until August 19, 2008, the defendants failed to conclusively establish that the attorney-client relationship did not continue until the latter date. Accordingly, the defendants' motion to dismiss the complaint was properly denied. Eng, P.J., Skelos, Dillon and Sgroi, JJ., concur.