■ AQUA-TROL CORPORATION, Appellant, v WILENTZ, GOLDMAN & SPITZER, P.A., Respondent. [42 NYS3d 56]—

In an action to recover damages for legal malpractice, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Bucaria, J.), dated July 6, 2015, which, upon an order of the same court entered June 22, 2015, upon reargument, in effect, vacating its original determination in an order entered March 10, 2015, denying the defendant's motion pursuant to CPLR 3211 (a) to dismiss the complaint, and thereupon granting the defendant's motion, is in favor of the defendant and against it dismissing the complaint.

Ordered that the judgment is reversed, on the law, with costs, upon reargument, the determination in the order entered March 10, 2015, denying the defendant's motion pursuant to CPLR 3211 (a) to dismiss the complaint is adhered to, and the order entered June 22, 2015, is modified accordingly.

The plaintiff and another entity, Land Settlement, LLC, retained the defendant law firm to represent them in their efforts to recover funds loaned to a real estate developer, which were secured by a mortgage on certain real property in New Jersey, after the developer defaulted in repaying the loan. Another mortgagee of the same property then commenced a foreclosure action against the developer in 2009, naming the plaintiff and Land Settlement, LLC, as junior lienors. The resulting judgment in the foreclosure action effectively extinguished the mortgage lien of the plaintiff and Land Settlement, LLC.

On September 11, 2014, the plaintiff commenced this legal malpractice action against the defendant to recover the loan amount, alleging that in an answer filed by the defendant on May 27, 2009, on behalf of the plaintiff and Land Settlement, LLC, in the foreclosure action, the defendant erroneously made certain concessions and failed to raise meritorious defenses to

foreclosure. The defendant thereafter moved pursuant to CPLR 3211 (a) to dismiss the complaint, contending, inter alia, that the action was time-barred by the three-year statute of limitations applicable to legal malpractice actions. The defendant contended that it continued to represent the plaintiff in the foreclosure matter only until August 18, 2011, when it sent a letter to an attorney and principal of Land Settlement, LLC, in which it turned over the litigation file in the foreclosure action to him and asked him to execute and file with the court a substitution of attorney in that action. The plaintiff opposed the motion by arguing that there was no indication that the August 18, 2011 correspondence was ever sent to it. Rather, the plaintiff maintained that the defendant's legal representation of its interests continued until at least March 7, 2012, when the defendant wrote to the plaintiff's president requesting that the plaintiff execute a substitution of attorney relieving it from representing the plaintiff in the foreclosure action.

The Supreme Court initially denied the defendant's motion to dismiss but, upon reargument, granted the motion, concluding that "it must be presumed that [the plaintiff] received a copy of the August 18, 2011 letter [from the defendant]." Since the legal malpractice action was commenced more than three years after the date of the letter, the court determined that it was untimely. We reverse.

A claim to recover damages for legal malpractice accrues at the time the malpractice is committed (*see Shumsky v Eisenstein*, 96 NY2d 164, 166 [2001]; *Farage v Ehrenberg*, 124 AD3d 159, 164 [2014]). However, pursuant to the doctrine of continuous representation, the time within which to sue on the claim is tolled until the attorney's continuing representation of the client with regard to the particular matter terminates (*see Farage v Ehrenberg*, 124 AD3d at 164). Here, the defendant satisfied its initial burden on its motion to dismiss the complaint as time-barred by establishing that more than three years had elapsed between the commission of the alleged malpractice and the commencement of this action on September 11, 2014 (*see Singh v Edelstein*, 103 AD3d 873, 874 [2013]; *DeStaso v Condon Resnick, LLP*, 90 AD3d 809, 812 [2011]). The burden then shifted to the plaintiff to raise a question of fact, inter alia, as to whether the action was timely under the continuous representation doctrine. Contrary to the Supreme Court's determination, the plaintiff satisfied this burden by raising a question of fact as to whether any notice of the defendant's termination of the attorney-client relationship was communicated to it prior to March 7, 2012 (*see generally*

*Shumsky v Eisenstein*, 96 NY2d at 171). Although the defendant contends that the parties' relationship terminated at the time it sent the August 18, 2011 letter and the case file to another attorney, it submitted no affidavit from a person with personal knowledge or documentary evidence establishing that notice of the cessation of the attorney-client relationship was given to the plaintiff. Moreover, the letter dated March 7, 2012 sent by the defendant to the plaintiff requesting that the plaintiff execute a substitution of attorney relieving the defendant from representing it in the foreclosure action suggests that the legal representation continued until that date. Accordingly, the Supreme Court erred in dismissing the complaint as time-barred.

The defendant's remaining contentions are without merit. Chambers, J.P., Austin, Sgroi and Cohen, JJ., concur.