◾ STEIN INDUSTRIES, INC., et al., Appellants, v CERTILMAN BALIN ADLER & HYMAN, LLP, Respondent. [51 NYS3d 183]—

In an action, inter alia, to recover damages for legal malpractice, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Emerson, J.), dated August 13, 2015, as granted that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (5) to dismiss, as time-barred, the first and second causes of action.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (5) to dismiss the first and second causes of action is denied.

In March 2010, the plaintiff Andrew Stein retained the defendant law firm to represent him in connection with the purchase of his brother's interest in several companies, including the plaintiff Stein Industries, Inc. (hereinafter Stein Industries). The closing of the transaction occurred in April 2010. On March 27, 2015, the plaintiffs commenced this action against the defendant, inter alia, to recover damages for legal malpractice, alleging that the employees of Stein Industries were members of a union and that the defendant failed to discover that, upon the sale of the business, an "Unfunded Vested Pension Liability" became due and owing to the union, which caused the plaintiffs to be damaged in the sum of $500,000. In the order appealed from, the Supreme Court, inter alia, granted that branch of the defendant's motion which was

pursuant to CPLR 3211 (a) (5) to dismiss, as time-barred, the first cause of action, which was to recover damages for professional negligence, and the second cause of action, which was to recover damages for legal malpractice.

In moving to dismiss a cause of action pursuant to CPLR 3211 (a) (5) as barred by the applicable statute of limitations, the moving defendant bears the initial burden of demonstrating, prima facie, that the time within which to commence the cause of action has expired (*see Stewart v GDC Tower at Greystone*, 138 AD3d 729, 729 [2016]; *J.A. Lee Elec., Inc. v City of New York*, 119 AD3d 652, 653 [2014]). The burden then shifts to the plaintiff to raise a question of fact as to whether the statute of limitations is tolled or is otherwise inapplicable (*see Beroza v Sallah Law Firm, P.C.*, 126 AD3d 742, 742-743 [2015]; *Kitty Jie Yuan v 2368 W. 12th St., LLC*, 119 AD3d 674, 674 [2014]).

The statute of limitations for the cause of action alleging legal malpractice is three years (*see* CPLR 214 [6]; *Alizio v Ruskin Moscou Faltischek, P.C.*, 126 AD3d 733, 735 [2015]). The cause of action to recover damages for professional negligence, which arose from the same facts as the legal malpractice claim and did not allege distinct damages, was likewise governed by the three-year statute of limitations (*see Scott v Fields*, 85 AD3d 756 [2011]; *see also Farage v Ehrenberg*, 124 AD3d 159, 159 [2014]). A claim to recover damages for legal malpractice accrues when the malpractice is committed (*see Shumsky v Eisenstein*, 96 NY2d 164, 166 [2001]; *Aqua-Trol Corp. v Wilentz, Goldman & Spitzer, P.A.*, 144 AD3d 956, 957 [2016]). "However, pursuant to the doctrine of continuous representation, the time within which to sue on the claim is tolled until the attorney's continuing representation of the client with regard to the particular matter terminates" (*Aqua-Trol Corp. v Wilentz, Goldman & Spitzer, P.A.*, 144 AD3d at 957; *see Shumsky v Eisenstein*, 96 NY2d at 164; *Pellati v Lite & Lite*, 290 AD2d 544, 545 [2002]). For the continuous representation doctrine to apply, "there must be clear indicia of an ongoing, continuous, developing, and dependant relationship between the client and the attorney which often includes an attempt by the attorney to rectify an alleged act of malpractice" (*Luk Lamellen U. Kupplungbau GmbH v Lerner*, 166 AD2d 505, 506-507 [1990]; *see Pellati v Lite & Lite*, 290 AD2d at 545).

Here, the defendant satisfied its initial burden by demonstrating, prima facie, that the alleged legal malpractice occurred more than three years before this action was commenced in March 2015 (*see Kennedy v H. Bruce Fischer, Esq., P.C.*, 78

AD3d 1016, 1017 [2010]). In opposition, however, the plaintiffs raised a question of fact as to whether the applicable statute of limitations was tolled by the continuous representation doctrine. The plaintiffs submitted Andrew Stein's affidavit, in which he averred that he met with members of the defendant on July 26, 2012, to determine how to rectify the pension liability issue. Andrew indicated that he was not satisfied with their recommendations concerning how to rectify the issue and directed them to formulate another idea. Andrew's affidavit was sufficient to raise a question of fact as to whether the defendant engaged in a course of continuous representation intended to rectify or mitigate the initial act of alleged malpractice (*see Melnick v Farrell*, 128 AD3d 1371, 1372 [2015]; *DeStaso v Condon Resnick, LLP*, 90 AD3d 809, 812-813 [2011]; *Gravel v Cicola*, 297 AD2d 620, 621 [2002]).

Accordingly, the Supreme Court should have denied that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (5) to dismiss the first and second causes of action. Rivera, J.P., Hall, Roman and Brathwaite Nelson, JJ., concur.