In an action, inter alia, to recover damages for legal malpractice, the plaintiffs appeal from an order of the Supreme Court, Queens County (McDonald, J.), dated March 18, 2015, which granted the motion of the defendants Gordon & Gordon, Peter S. Gordon, and Peter S. Thomas pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against them as time-barred.
 

 Ordered that the order is affirmed, with costs.
 

 The plaintiffs in this action retained the defendants Gordon & Gordon, Peter S. Gordon, and Peter S. Thomas (hereinafter collectively the Gordon defendants), as trial counsel to defend the plaintiffs in actions brought in the United States District Court for the Eastern District of New York (hereinafter the federal actions). The retainer agreement provided that the Gordon defendants were retained “in order to secure a jury verdict” in the federal actions. The federal actions were consolidated, and a jury verdict was rendered in the federal actions on June 1, 2011. On October 27, 2014, the plaintiffs commenced this action against, among others, the Gordon defendants, who moved pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against them as time-barred. The Supreme Court granted that motion, and the plaintiffs appeal.
 

 The Supreme Court properly granted the motion of the Gordon defendants pursuant to CPLR 3211 (5) (a) to dismiss the complaint insofar as asserted against them as time-barred. The statute of limitations applicable to actions sounding in legal malpractice is three years “regardless of whether the underlying theory is based in contract or tort” (CPLR 214 [6]). The limitations period begins to run from the time of the alleged malpractice (see Shumsky v Eisenstein, 96 NY2d 164, 166 [2001]).
 

 Here, the plaintiffs’ claims against the Gordon defendants could have accrued no later than June 2011. Contrary to the plaintiffs’ contention, the statute of limitations was not tolled beyond this date by the continuous representation doctrine, or otherwise (see Tsafatinos v Lee David Auerbach, P.C., 80 AD3d 749, 750 [2011]). Accordingly, this action, commenced on or about October 27, 2014, was untimely.
 

 In light of our determination, the plaintiffs’ remaining contention has been rendered academic.
 

 Balkin, J.P., Leventhal, Austin and Iannacci, JJ., concur.