Spitzer v Newman (2018 NY Slip Op 05514)





Spitzer v Newman


2018 NY Slip Op 05514


Decided on July 25, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 25, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
SANDRA L. SGROI
ANGELA G. IANNACCI, JJ.


2016-02263
 (Index No. 505427/15)

[*1]Ari Spitzer, respondent, 
v
Marc Z. Newman, appellant.


Rivkin Radler LLP, Uniondale, NY (Cheryl F. Korman, David S. Wilck, Stuart M. Bodoff, and Avigael C. Fyman of counsel), for appellant.
Michael B. Schulman & Associates, P.C., Melville, NY, for respondent.



DECISION & ORDER
In an action to recover damages for legal malpractice, the defendant appeals from an order of the Supreme Court, Kings County (Sylvia G. Ash, J.), dated March 2, 2016. The order denied the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint and stayed the action pending resolution of an underlying action entitled Spitzer v Yarmish, pending in the Supreme Court, Kings County, under Index No. 13874/13.
ORDERED that the order is affirmed, with costs.
This action alleging legal malpractice arises out of loans the plaintiff made to several people in 2006. In return for the loans, the borrowers signed notes and confessions of judgment. On April 1, 2007, the borrowers allegedly defaulted on the notes. In July 2013, more than six years after the alleged defaults, the plaintiff commenced an action against the borrowers (hereinafter the underlying action). The underlying action is pending in the Supreme Court, Kings County, under Index No. 13874/13.
After commencing the underlying action, the plaintiff commenced this action in May 2015, alleging legal malpractice against the defendant, the attorney who represented him in the loan transactions at issue in the underlying action. The plaintiff alleges that the defendant failed to timely file the confessions of judgment and also failed to timely commence actions to recover on the notes. The defendant moved pursuant to CPLR 3211(a)(1), (5), and (7) to dismiss the complaint as barred by the statute of limitations or, in the alternative, as premature. The Supreme Court denied the motion, but stayed this action pending resolution of the underlying action. The defendant appeals.
On a motion to dismiss a complaint on the ground that the statute of limitations has expired, the moving defendant must establish, prima facie, that the time in which to commence the action has expired (see Wells Fargo Bank, N.A. v Eitani, 148 AD3d 193, 197). The burden then shifts to the plaintiff to raise a question of fact as to whether the statute of limitations is tolled or otherwise inapplicable (see Stein Indus., Inc. v Certilman Balin Adler & Hyman, LLP, 149 AD3d 788, 789; Beroza v Sallah Law Firm, P.C., 126 AD3d 742, 742). Here, the defendant's motion to dismiss under the statute of limitations was based on the premise that his representation of the plaintiff in connection with underlying loan transactions ended in 2009. Accordingly, he contends, the three-year statute of limitations for legal malpractice expired in 2012, before this action was [*2]commenced in 2015 (see CPLR 214[6]). In opposition, however, the plaintiff raised a question of fact as to whether the continuous representation doctrine tolled the statute of limitations as to this action (see Grace v Law, 24 NY3d 203, 212; Stein Indus., Inc. v Certilman Balin Adler & Hyman, LLP, 149 AD3d at 789-790; Quinn v McCabe, Collins, McGeough & Fowler, LLP, 138 AD3d 1085, 1086; cf. Red Zone LLC v Cadwalader, Wickersham & Taft LLP, 27 NY3d 1048, 1049-1050). Accordingly, we agree with the Supreme Court's determination that the complaint was not subject to dismissal pursuant to CPLR 3211(a)(1) and (5) (see Stein Indus., Inc. v Certilman Balin Adler & Hyman, LLP, 149 AD3d at 790; Louzoun v Kroll Moss & Kroll, LLP, 113 AD3d 600, 601-602).
Moreover, to the extent that the plaintiff's action may be premature because, while the underlying action is pending, it cannot be determined whether the defendant's alleged legal malpractice proximately caused the plaintiff to sustain damages (see generally Shumsky v Eisenstein, 96 NY2d 164, 166; Ackerman v Price Waterhouse, 84 NY2d 535, 542-543; Hershco v Gordon & Gordon, 155 AD3d 1006; Stein Indus., Inc. v Certilman Balin Adler & Hyman, LLP, 149 AD3d at 789; Landow v Snow Becker Krauss, P.C., 111 AD3d 795, 796), the Supreme Court providently exercised its discretion in staying this action pending the determination of the underlying action (see Ronald E. Mallen & Jeffrey M. Smith, Legal Malpractice § 22:5 at 119-122 [2009 ed]; cf. Flintock Constr. Servs., LLC v Rubin, Fiorella & Friedman LLP, 110 AD3d 426), rather than granting dismissal of the complaint pursuant to CPLR 3211(a)(7) for failure to state a cause of action.
BALKIN, J.P., AUSTIN, SGROI and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court