Potenza v Giaimo (2018 NY Slip Op 07164)





Potenza v Giaimo


2018 NY Slip Op 07164


Decided on October 24, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 24, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
SHERI S. ROMAN
SANDRA L. SGROI
JOSEPH J. MALTESE, JJ.


2016-03926
 (Index No. 1946/14)

[*1]Robert Potenza, appellant, 
v
Joseph O. Giaimo, et al., respondents.


Kreinces & Rosenberg, P.C., Westbury, NY (Leonard Kreinces and Howard S. Rosenberg of counsel), for appellant.
Giaimo Associates, LLP, Manhasset, NY (Stephen Fein, Roya Namvar, Maura Nicolosi, and Elisabeth A. Vreeburg of counsel), respondent pro se and for respondent Joseph O. Giaimo.



DECISION & ORDER
In an action, inter alia, to recover damages for legal malpractice, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Nassau County (Jack L. Libert, J.), entered February 29, 2016. The order and judgment, insofar as appealed from, denied the plaintiff's motion to disqualify the defendant Joseph O. Giaimo from representing the defendant Giaimo Associates, LLP, and from appearing pro se, granted those branches of the defendants' cross motion which were for summary judgment dismissing the first, second, third, and fifth causes of action, and thereupon, dismissed the first, second, third, and fifth causes of action.
ORDERED that the order and judgment is affirmed insofar as appealed from, with costs.
The defendants represented the plaintiff in an action against a nonparty to recover on loans that the plaintiff made to the nonparty. In 1995, the plaintiff obtained a judgment in that action. In 2009, the defendants attempted unsuccessfully to obtain a renewal judgment (see CPLR 5014). Thereafter, in 2014, the plaintiff commenced the instant action against the defendants, alleging, inter alia, legal malpractice, fraudulent misrepresentation, and a violation of Judiciary Law § 487. The plaintiff moved to disqualify the defendant Joseph O. Giaimo from representing the defendant Giaimo Associates, LLP, and from appearing pro se. The defendants cross-moved, inter alia, for summary judgment dismissing the complaint. In the order and judgment appealed from, the Supreme Court, inter alia, denied the motion, granted those branches of the cross motion which were for summary judgment dismissing the first, second, third, and fifth causes of action, and thereupon, dismissed those causes of action.
The statute of limitations for causes of action alleging legal malpractice is three years (see CPLR 214[6]; Alizio v Ruskin Moscou Faltischek, P.C., 126 AD3d 733, 735). A cause of action to recover damages for legal malpractice accrues when the malpractice is committed (see Shumsky v Eisenstein, 96 NY2d 164, 166). However, pursuant to the doctrine of continuous representation, the limitations period is tolled until the attorney's continuing representation of the client with regard to the particular matter terminates (see Shumsky v Eisenstein, 96 NY2d at 167-168; Aqua-Trol Corp. [*2]v Wilentz, Goldman & Spitzer, P.A., 144 AD3d 956, 957). For the continuous representation doctrine to apply, "there must be clear indicia of an ongoing, continuous, developing, and dependant relationship between the client and the attorney which often includes an attempt by the attorney to rectify an alleged act of malpractice" (Luk Lamellen U. Kupplungbau GmbH v Lerner, 166 AD2d 505, 506-507).
Here, the defendants satisfied their initial burden by demonstrating, prima facie, that the alleged legal malpractice occurred more than three years before this action was commenced in 2014. In opposition, the plaintiff failed to raise a triable issue of fact as to whether the applicable statute of limitations was tolled by the continuous representation doctrine. Accordingly, we agree with the Supreme Court's determination dismissing the plaintiff's legal malpractice causes of action as untimely.
Further, the defendants established their prima facie entitlement to judgment as a matter of law dismissing the causes of action alleging fraudulent misrepresentation and a violation of Judiciary Law § 487 (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851). In opposition, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320).
In light of our determination, the issue of disqualification is academic.
SCHEINKMAN, P.J., ROMAN, SGROI and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court