Schrull v Weis (2018 NY Slip Op 07769)





Schrull v Weis


2018 NY Slip Op 07769


Decided on November 14, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 14, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
JEFFREY A. COHEN
HECTOR D. LASALLE
LINDA CHRISTOPHER, JJ.


2016-03769
 (Index No. 1576/15)

[*1]James A. Schrull, appellant, 
v
Robert A. Weis, etc., et al., respondents.


Hasapidis Law Offices, South Salem, NY (Annette G. Hasapidis of counsel), for appellant.
Winget, Spadafora & Schwartzberg, LLP, New York, NY (Dianna D. McCarthy and Heidi M. Gootnick of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for legal malpractice, the plaintiff appeals from an order of the Supreme Court, Putnam County (Paul I. Marx, J.), dated March 10, 2016. The order, insofar as appealed from, granted that branch of the defendants' motion which was pursuant to CPLR 3211(a)(5) to dismiss the cause of action alleging legal malpractice, and denied the plaintiff's cross motion to permanently estop the defendants from asserting a statute of limitations defense.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendants' motion which was pursuant to CPLR 3211(a)(5) to dismiss the cause of action alleging legal malpractice, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
On July 23, 2008, the plaintiff allegedly was hired to perform carpentry work at a home. The plaintiff alleged that he sustained injuries to his left hand while using a defective table saw provided by the nonparty homeowner. In September 2008, the plaintiff allegedly consulted with the defendant Robert A. Weis, who practiced law at the defendant Law Firm of William G. Sayegh, P.C. (hereinafter the defendant law firm), concerning the plaintiff's legal rights with respect to the accident. On September 16, 2008, the plaintiff executed a retainer agreement, retaining the defendant law firm "to prosecute and/or adjust a claim for serious personal injuries sustained by [the plaintiff] . . . arising from the negligence" of the manufacturer of the table saw, the homeowner, or anyone else responsible (hereinafter the personal injury claim).
On August 7, 2015, the plaintiff commenced this action against Weis, individually and as an associate of the defendant law firm, and the defendant law firm, asserting, inter alia, a cause of action alleging legal malpractice. The complaint alleged that after the plaintiff executed the retainer agreement, Weis informed the plaintiff that the defendants were going to commence a personal injury and products liability action against the owner of the table saw, the manufacturer of the table saw, and " everyone that touched the table saw'" until it was sold to the homeowner; the [*2]personal injury claim was " worth millions of dollars'"; and it "would take up to seven (7) years to resolve" the personal injury claim. The complaint further alleged that from approximately September 2008 to late 2008, the plaintiff contacted Weis approximately every two weeks to inquire about the status of the personal injury claim. Weis allegedly advised the plaintiff to " put the case on the back burner as it was going to take a long time to resolve,'" and that Weis " had the plaintiff's contact information,'" and " if he needed the plaintiff, he would contact him.'" The complaint also alleged that between approximately late 2008 and July 2014, the plaintiff called the defendants' law office every six to eight months to check on the status of the personal injury claim and spoke to a secretary each time. The complaint alleged that on July 29, 2014, the plaintiff went to the defendants' office and asked Weis "when his court date was" because "it was getting close" to the seven-year "anniversary of the accident." Weis allegedly told the plaintiff that he had " no case,'" and that Weis thought the plaintiff had " disappeared.'"
The defendants moved, inter alia, pursuant to CPLR 3211(a)(5) to dismiss the legal malpractice cause of action, contending that the cause of action was asserted more than three years after the statute of limitations on the personal injury claim had expired and, thus, was time-barred (see CPLR 214[6]). In opposition, the plaintiff argued that the statute of limitations was tolled under the continuous representation doctrine, and, in effect, that the defendants should be equitably estopped from asserting the statute of limitations as a defense. The plaintiff also cross-moved to permanently estop the defendants from asserting a statute of limitations defense.
In an order dated March 10, 2016, the Supreme Court determined, inter alia, that the cause of action alleging legal malpractice was time-barred. The court concluded that the legal malpractice cause of action accrued on July 23, 2011, when the statute of limitations on the personal injury claim expired; the statute of limitations on the legal malpractice cause of action expired on July 23, 2014, three years after the statute of limitations for the personal injury claim had expired; and the continuous representation doctrine did not toll the statute of limitations. The court also concluded that the doctrine of equitable estoppel was inapplicable. Accordingly, the court granted that branch of the defendants' motion which was pursuant to CPLR 3211(a)(5) to dismiss the legal malpractice cause of action, and denied the plaintiff's cross motion. The plaintiff appeals.
"In moving to dismiss a cause of action pursuant to CPLR 3211(a)(5) as barred by the applicable statute of limitations, the moving defendant bears the initial burden of demonstrating, prima facie, that the time within which to commence the cause of action has expired. The burden then shifts to the plaintiff to raise a question of fact as to whether the statute of limitations is tolled or is otherwise inapplicable" (Stein Indus., Inc. v Certilman Balin Adler & Hyman, LLP, 149 AD3d 788, 789; see Stewart v GDC Tower at Greystone, 138 AD3d 729, 729-730). "An action to recover damages arising from legal malpractice must be commenced within three years, computed from the time the cause of action accrued to the time the claim is interposed" (3rd & 6th, LLC v Berg, 149 AD3d 794, 795; see CPLR 214[6]; McCoy v Feinman, 99 NY2d 295). "A cause of action [alleging] legal malpractice accrues when the malpractice is committed, not when it is discovered" (Town of Wallkill v Rosenstein, 40 AD3d 972, 973; see Roubeni v Dechert, LLP, 159 AD3d 934, 935). " However, pursuant to the doctrine of continuous representation, the time within which to sue on the [cause of action] is tolled until the attorney's continuing representation of the client with regard to the particular matter terminates'" (Stein Indus., Inc. v Certilman Balin Adler & Hyman, LLP, 149 AD3d at 789, quoting Aqua-Trol Corp. v Wilentz, Goldman & Spitzer, P.A., 144 AD3d 956, 957). "For the continuous representation doctrine to apply, there must be clear indicia of an ongoing, continuous, developing, and dependant relationship between the client and the attorney'" (Stein Indus., Inc. v Certilman Balin Adler & Hyman, LLP, 149 AD3d at 789, quoting Luk Lamellen U. Kupplungbau GmbH v Lerner, 166 AD2d 505, 506).
Here, the defendants satisfied their initial burden by demonstrating that the plaintiff's legal malpractice cause of action accrued on July 23, 2011, when the statute of limitations on the personal injury claim expired, which was more than three years before the commencement of this action (see Shumsky v Eisenstein, 96 NY2d 164, 166; Baker v Levitin, 211 AD2d 507, 507). In opposition, however, the plaintiff raised a question of fact as to whether the continuous representation doctrine tolled the running of the statute of limitations until July 29, 2014, when Weis [*3]allegedly informed the plaintiff that he did not have a case. Upon entering into the retainer agreement, the plaintiff and the defendants reasonably intended that their professional relationship of trust and confidence, focused upon the personal injury claim, would continue. The complaint adequately alleged that the plaintiff was "left with the reasonable impression" that the defendants were, "in fact, actively addressing [his] legal needs" until that date (Shumsky v Eisenstein, 96 NY2d at 169; see Lytell v Lorusso, 74 AD3d 905, 907). The allegations in the complaint failed to reflect, as a matter of law, that the plaintiff knew or should have known that the defendants had withdrawn from representation on the personal injury claim more than three years before the legal malpractice action was commenced (cf. Shumsky v Eisenstein, 96 NY2d at 171; Muller v Sturman, 79 AD2d 482, 486). Accordingly, the Supreme Court should have denied that branch of the defendants' motion which was to dismiss the legal malpractice cause of action as time-barred.
We agree with the Supreme Court's determination to deny the plaintiff's cross motion to permanently estop the defendants from raising the statute of limitations as a defense. The plaintiff's argument that the doctrine of equitable estoppel should be invoked primarily relied upon allegations in the complaint regarding the defendants' statements and conduct that formed the basis of the legal malpractice cause of action. In order for the doctrine of equitable estoppel to apply, "a plaintiff may not rely on the same act that forms the basis for the claim—the later fraudulent misrepresentation must be for the purpose of concealing the former tort" (Ross v Louise Wise Servs., Inc., 8 NY3d 478, 491; see Zumpano v Queen, 6 NY3d 666, 674; Benjamin v Allstate Ins. Co., 127 AD3d 1120, 1121; Brooklyn Historic Ry. Assn. v City of New York, 126 AD3d 837, 839). Further, even accepting the remaining allegations in the complaint as true, the plaintiff failed to adequately allege that the defendants engaged in an act of deception, fraud, or misrepresentation after the statute of limitations on the personal injury claim had expired (see Putter v North Shore Univ. Hosp., 7 NY3d 548, 552-553).
The plaintiff's remaining contentions are either improperly raised for the first time on appeal or without merit.
LEVENTHAL, J.P., COHEN, LASALLE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court