Theodore R. Khpfermah, J.
Motions numbered 90 and 92 of the Special Term Calendar of October 30,1970 are on consent of the parties consolidated for disposition herein. Each is a motion for summary judgment dismissing the complaint countered by a cross motion by plaintiff for summary judgment for the relief demanded in the complaint. These motions are addressed to two companion actions filed under Index numbers 7209 and 7210 of 1969.
Plaintiff brought these actions in replevin, one as administrateur provisoire of the estate of Phillippe de Tristan, deceased, and one as administrateur provisoire of the estate of said decedent’s wife, Marie Josephine Parrot de Gruigne, deceased, to recover possession of files in the possession of the defendant law firm, maintained by it as attorneys for the two decedents during their lifetimes.
Prom the papers and documents submitted, it appears that Phillippe de Tristan, a citizen and domiciliary of Prance, died on November 1,1955. By order of the President of the Tribunal of Seine (now the Paris Court of High Instance), dated May 2, 1958, following a hearing at which all heirs of the estate were represented by counsel, plaintiff was appointed to supervise the administration of the estate of Phillippe de Tristan, then being conducted by the decedent’s widow, Madame de Tristan (nee Marie Josephine Parrot de Gruigne), as one of the heirs. By this *468 order plaintiff was given the power and duty “ to search by all appropriate means the various items of property located in France and abroad, to cause to be released to him by all parties concerned all information and documents related to the estate. ’ ’
On appeal to First Chamber of the Paris Court of Appeals and by its decree dated November 10, 1958, the court found that the powers originally granted to plaintiff were inadequate and it broadened his appointment and powers. By its decree plaintiff was appointed ‘ ‘ Administrateur Provisoire of the Estate of Phillippe de Tristan, this with the broadest powers,” thus superseding administration of the estate by any of the heirs. On further appeal the decree was confimed by decree of the Court de Cassation, the highest court in France, dated January 19,1960.
The widow, Madame de Tristan, who was also a citizen and domiciliary of France, died on January 7,1965. By decree of the First Chamber of the Paris Court of Appeals dated May 3,1965, following a hearing at which all of the heirs were represented by counsel, plaintiff was appointed administrateur provisoire of the joint property of Mr. and Madame de Tristan with the power and duty, among others, “to have made available to him by any persons, companies, holding companies, banks, credit companies or establishments, in France as well as in foreign countries, any documents which may establish the origin of said properties.” By further decree of the First Chamber of the Paris Court of Appeals, dated May 11, 1967, plaintiff was further appointed administrateur provisoire of the estate of Madame de Tristan, superseding a previously appointed administrator, with the power and duty to “ seek after the properties which constitute this succession, to seize them, and to manage them for the account of whomever will be concerned.”
All of plaintiff’s appointments have been renewed by court order each year following hearings at which all of the heirs of the estate have been represented by counsel. In the last order of reappointment, which relates to both estates, the court refers in its findings to the present litigation instituted by plaintiff in the New York courts as one of the reasons for renewing plaintiff’s appointments.
These motions by the defendant to dismiss the complaints are made on the ground, as a matter of law, that plaintiff as the appointee of the court of a foreign country, to wit, the Republic of France, has no .standing and legal capacity to bring this action, that pursuant to the terms of his appointment and the laws of France, he is not empowered to bring this action and that the cause of action is barred by the Statute of Limitations, CPLR 214 (subd. 3), which provides that an action for the recovery of *469 a chattel must he brought within three years. In its answer the defendant asserts two additional defenses: (1) that plaintiff’s right to possession of the files is barred by the attorney-client privilege under New York law, and (2) that plaintiff’s right to possession of the files is barred by the French privilege governing communications with French lawyers.
The argument of the movant to the effect that the plaintiff and/or the relatives having had some knowledge of the lawyer-client relationship between the decedents and their American counsel, caused the Statute of Limitations to run cannot be accepted in the situation presented here.
The defendant law firm was lawfully in possession of the files relating to its clients as custodian for the benefit of the clients and their estates and the defendant was not under any obligation to turn the files over to the clients or to the administrator of their estates at any fixed time or upon any fixed contingency unless and until instructed to do so by the clients .or, after their death, by the administrator of their estates. Thus, no wrong had been committed by the defendant until plaintiff demanded the files on or about February 17, 1969. When the defendant refused to comply with the demand, a cause of action for either conversion or replevin accrued. (See People ex rel. Bailey v. Judges of Albany Mayor’s Ct., 9 Wend. 486, 490-491 [Sup. Ct. of Judicature, 1833].)
With respect to the standing of the plaintiff as a foreign representative to sue, the general common-law rule is, of course, that a foreign representative has no standing to sue in New York in his representative capacity. However, it is well settled that a foreign representative is and always has been entitled to sue in the New York courts when the suit could properly be brought in his individual capacity. As stated in McKinney’s Consolidated Laws of New York, Book 17B, EPTL 13-3.5 at page 420: 11 Of course the common law .rule had no proper application when the foreign representative sued in our courts in his individual, as opposed to his representative, capacity. Such suits have been traditionally allowed (see, Johnson v. Wallis, 1889, 112 N. Y. 230, 19 N. E. 653).”
The law as to when an executor or administrator must sue in his representative capacity as distinguished from when he may properly sue in his individual capacity is clear in'New York. The test is whether the cause of action accrued before or after the death of the testator. Obviously here the cause of action accrued after the deaths of both testators and therefore the plaintiff is within his rights to carry on the instant suit. This is particularly so since the suit is only nominally for property and *470 therefore there is no danger of plaintiff, a foreign representative, securing property of value and removing such property from the jurisdiction of the court and thus depriving creditors of their rights. In addition, at this time there is no evidence of any property of the decedents being within the State of New York.
On the entire submission it appears that the plaintiff has a right to examine the files maintained by the defendant law firm and that making them available to the plaintiff will not in any wise cause the defendant law firm or any of its members to violate law or ethics. The rights of other heirs of the decedents are not violated by such turnover, nor are they asserted except by inference. That the results of the investigation may be used in lawsuits in France does not militate against this determination.
Accordingly, the motions of the defendant to dismiss the complaints are denied, and the cross motion of the plaintiff for the relief demanded in the complaint is granted, limited, however, to those files which decedents themselves could have demanded.