■ MICHAEL DIGNELLI et al., Respondents, v ARNOLD L. BERMAN et al., Appellants. [741 NYS2d 66] —In an action to recover damages for legal malpractice and breach of fiduciary duty, the defendants appeal from an order of the Supreme Court, Westchester County (Nastasi, J.), entered March 27, 2001, which denied their motion to dismiss the complaint pursuant to CPLR 3211 (a) (5) as time barred.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

From the autumn of 1994 through January 1995, the defendant attorneys represented the plaintiffs in connection with the purchase of Primrose Farms (hereinafter Primrose). Primrose consisted of two separate parcels. The defendants advised against the purchase of one of the parcels, a 19-acre parcel which was designated as "wetlands." The property was to be used to operate a horse farm and equestrian center. The plaintiffs took the defendants' advice and did not purchase the 19-acre parcel. Title to the other parcel closed on January 10, 1995.

Throughout the next four years, the defendants represented the plaintiffs in their various general business dealings in connection with their enterprises. Some of the representation was incidentally connected to the day-to-day business of the horse farm. The defendants also gave advice on the general business dealings of the individual plaintiffs which was wholly unrelated to the horse farm. In 1999 the plaintiffs discovered that they could not expand their operation due to problems relating to the failure to have acquired the 19-acre parcel at the time of the original purchase of Primrose.

On September 13, 2000, the plaintiffs commenced this action alleging legal malpractice and breach of fiduciary duty. Since the plaintiffs are only seeking monetary damages, both they and the defendants agree that both causes of action are subject to a three-year statute of limitations (see CPLR 214 [6]; Loengard v Santa Fe Indus., 70 NY2d 262, 266). The Supreme Court denied the defendants' motion to dismiss the complaint as barred by the applicable statute of limitations. It found that the continuous representation doctrine applied to the cause of action to recover damages for malpractice and the existence of a factual question as to whether or not a discovery accrual rule

applied to the second cause of action to recover damages for breach of a fiduciary duty. We disagree.

Contrary to the determination of the Supreme Court, the continuous representation doctrine is not applicable here. The defendants' representation as to the matter for which the malpractice is alleged, the purchase of Primrose, ended with the closing on January 10, 1995. The subsequent general representation of the plaintiffs regarding matters unrelated to that purchase does not warrant the application of the doctrine (*see Shumsky v Eisenstein,* 96 NY2d 164; *see also Almodovar v St. Vincent's Hosp. & Med. Ctr. of N.Y.,* 236 AD2d 435; *cf. Pellati v Lite & Lite,* 290 AD2d 544; *Kuritzky v Sirlin & Sirlin,* 231 AD2d 607).

The Supreme Court should have granted that branch of the defendants' motion which was to dismiss the cause of action to recover damages for breach of a fiduciary duty. There is no basis as a matter of law to impose a discovery accrual rule in the absence of any allegations of fraud (*see* CPLR 213 [8]). There is no basis to invoke equitable estoppel principles to prevent the application of the applicable statute of limitations as a bar to this matter. There are no allegations that the defendants took any action to prevent the discovery of their alleged breach of fiduciary duty, and the plaintiffs did not assert this as a basis for tolling the applicable statute of limitations. Thus, this cause of action should also have been dismissed (*see Hammond v Reichbach,* 232 AD2d 254; *Ghandour v Shearson Lehman Bros.,* 213 AD2d 304; *see also, Simcuski v Saeli,* 44 NY2d 442). Santucci, J.P., Altman, Florio and Goldstein, JJ., concur.