■ BYRON CHEMICAL COMPANY, INC., Appellant, v ROBERT H. GROMAN et al., Respondents. [877 NYS2d 457]—

In an action to recover damages for legal malpractice, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Woodward, J.), dated December 5, 2007, which granted the motion of the defendants Robert H. Groman and Groman, Ross & Tisman, P.C., and the separate motion of the defendant Forchelli, Curto, Schwartz, Mineo, Carlino & Cohn, LLP, pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against them as time-barred and denied its cross motion for summary judgment on the complaint, and (2) a judgment of the same court dated December 20, 2007, which, upon the order, is in favor of the defendants and against it dismissing the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed, and it is further,

Ordered that one bill of costs is awarded to the defendants appearing separately and filing separate briefs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on appeal from the order are brought up for review and have been considered on appeal from the judgment (*see* CPLR 5501 [a] [1]).

The plaintiff alleged that in 1993 the defendant attorney Robert H. Groman negligently drafted the mandatory bonus provision in an employment agreement because the wording was ambiguous as to whether the bonus was to be calculated on net or gross profits. In a separate action later brought by the plaintiff's employee, the plaintiff was found liable for money owed to the employee for calculating the bonus provision based on net profits rather than gross profits. In 2006, the plaintiff brought this legal malpractice action against Groman, his firm, Groman, Ross & Tisman, P.C. (hereinafter the Groman Firm), and Forchelli, Curto, Schwartz, Mineo, Carlino & Cohn, LLP (hereinafter the Forchelli Firm), as successor in interest of the Groman firm. The complaint alleged that Groman continued to act as corporate counsel to the plaintiffs between 1993 and 2003. Groman and the Groman Firm moved pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against them as time-barred, and the Forchelli Firm separately moved pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against them as time-barred, since the action was brought more than three years after the alleged malpractice. The Supreme Court granted the defendants' motions and denied that plaintiff's cross motion for summary judgment on the complaint. The plaintiff appeals, and we affirm.

An action to recover damages for legal malpractice must be commenced within three years from accrual of the cause of action (*see McCoy v Feinman,* 99 NY2d 295, 301 [2002]; CPLR 214 [6]). A legal malpractice cause of action accrues on the date the malpractice was committed, not when it was discovered (*see Shumsky v Eisenstein,* 96 NY2d 164, 166 [2001]). Here, the defendants established that the legal malpractice cause of action was time-barred by demonstrating that the alleged malpractice occurred in 1993 and the action was commenced in 2006 (*see* CPLR 214 [6]).

Contrary to the plaintiff's contention, the statute of limitations was not tolled by the continuous representation doctrine (*see Dignelli v Berman,* 293 AD2d 565 [2002]; *cf. Shumsky v*

*Eisenstein,* 96 NY2d at 168; *see also Maurice W. Pomfrey & Assoc., Ltd. v Hancock & Estabrook, LLP,* 50 AD3d 1531 [2008]; *Zaref v Berk & Michaels,* 192 AD2d 346 [1993]). The defendants' subsequent representation in matters unrelated to the specific matter that gave rise to the alleged malpractice was insufficient to toll the statute of limitations (*see Dignelli v Berman,* 293 AD2d at 565). Accepting the facts alleged in the plaintiff's complaint as true, there was a nine-year lapse between the defendants' representation as to the employment agreements. The continuous representation doctrine does not contemplate such intermittent representation (*see Williamson v PricewaterhouseCoopers LLP,* 9 NY3d 1, 9 [2007]; *Shumsky v Eisenstein,* 96 NY2d at 167-168; *Loft Corp. v Porco,* 283 AD2d 556 [2001]). Accordingly, the Supreme Court correctly granted the defendants' motions to dismiss the complaint insofar as asserted against them as time-barred.

In light of our determination, we need not address the plaintiff's remaining contentions. Spolzino, J.P., Dillon, Florio and Belen, JJ., concur.