■ BULLFROG, LLC, Respondent, v DANIEL T. NOLAN, Defendant, and KEVIN BARRY, Appellant. [959 NYS2d 212]—

In an action for replevin and to recover damages for legal malpractice, the defendant Kevin Barry appeals from an order of the Supreme Court, Dutchess County (Wood, J.), dated December 19, 2011, which denied his motion pursuant to CPLR 3211 (a) (5) to dismiss the cause of action to recover damages for legal malpractice as time-barred and for summary judgment dismissing the cause of action for replevin insofar as asserted against him.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendant Kevin Barry pursuant to CPLR 3211 (a) (5) to dismiss the cause of action to recover damages for legal malpractice as time-barred and for summary judgment dismissing the cause of action for replevin insofar as asserted against him is granted.

On a motion to dismiss a cause of action pursuant to CPLR 3211 (a) (5) as barred by the applicable statute of limitations, a defendant must establish, prima facie, that the time within which to sue has expired (*see Yang v Oceanside Union Free School Dist.*, 90 AD3d 649 [2011]). Once that showing has been made, the burden shifts to the plaintiff to establish that the statute of limitations has been tolled or that the plaintiff actually commenced the action within the applicable limitations period (*see id.*).

An action to recover damages for legal malpractice must be commenced within three years after the accrual of the cause of

action (see CPLR 214 [6]). Here, the defendant Kevin Barry (hereinafter the appellant) sustained his initial burden on that branch of his motion which was to dismiss the cause of action to recover damages for legal malpractice by demonstrating that the applicable limitations period had expired with respect to the alleged acts of legal malpractice. Contrary to the Supreme Court's determination, the evidence submitted by the plaintiff in opposition was insufficient to raise a triable issue of fact as to whether the continuous representation doctrine tolled the running of the statute of limitations (see Hasty Hills Stables, Inc. v Dorfman, Lynch, Knoebel & Conway, LLP, 52 AD3d 566, 567-568 [2008]; Melendez v Bernstein, 29 AD3d 872, 873 [2006]; Dignelli v Berman, 293 AD2d 565, 566 [2002]; Muller v Sturman, 79 AD2d 482, 486-487 [1981]). Accordingly, the cause of action to recover damages for legal malpractice should have been dismissed as time-barred.

The appellant was also entitled to summary judgment dismissing the plaintiff's cause of action for replevin insofar as asserted against him. The appellant established, prima facie, that he did not unreasonably refuse to return the documents requested by the plaintiff (see Khoury v Khoury, 78 AD3d 903, 904 [2010]; Wiel v Curtis, Mallet-Prevost, Colt & Mosle, 66 Misc 2d 466, 469 [1970], affd 36 AD2d 1027 [1971], affd 30 NY2d 500 [1972]). In opposition to the motion, the plaintiff failed to raise a triable issue of fact. The Supreme Court, therefore, should have granted that branch of the appellant's motion which was for summary judgment dismissing the cause of action for replevin insofar as asserted against him. Mastro, J.P., Dickerson, Lott and Austin, JJ., concur.