■ Joseph Alizio, Respondent, v Ruskin Moscou Faltischek, P.C., Appellant. [5 NYS3d 252]—

In an action, inter alia, to recover damages for legal malpractice, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Iannacci, J.), entered August 1, 2014, as upon reargument, adhered

to a prior determination in an order entered May 22, 2014, denying that branch of its motion which was to dismiss the legal malpractice causes of action as time-barred.

Ordered that the order entered August 1, 2014, is reversed insofar as appealed from, on the law, with costs, upon reargument, the determination in the order entered May 22, 2014, denying that branch of the defendant's motion which was to dismiss the legal malpractice causes of action as time-barred is vacated, and thereupon, that branch of the defendant's motion is granted.

In April 2004, the plaintiff retained the defendant to serve as co-counsel with the plaintiff's then-counsel to represent him in six consolidated actions (hereinafter the actions). Thereafter, the defendant became sole counsel for the plaintiff in the actions. Sometime in early April 2010, the plaintiff discharged the defendant and retained new counsel to represent him in the actions. The defendant subsequently prepared consents to change attorneys (hereinafter the consents), which were executed by the defendant, the plaintiff, and new counsel on April 20, 2010. Sometime thereafter, new counsel prepared and distributed revised consent forms for certain of the actions on the ground that there were errors in the captions of the consents pertaining to those actions. As relevant to this appeal, the revised consent in the action entitled *Alizio v Perpignano*, index No. 19181/03 (action No. 1), was executed by the parties on May 12, 2010 (hereinafter the May 2010 revised consent). The consent in the action entitled *P.J. Alizio Realty, Inc. v Eisenberg*, index No. 312/04 (action No. 2), was not revised and was executed by the parties on April 20, 2010.

On May 10, 2013, the plaintiff commenced this action against the defendant, inter alia, to recover damages for legal malpractice in connection with the defendant's representation of the plaintiff in or around 2008 in action Nos. 1 and 2. Thereafter, the defendant moved to dismiss the complaint as time-barred. In an order entered May 22, 2014, the Supreme Court, inter alia, denied that branch of the defendant's motion which was to dismiss the causes of action alleging legal malpractice as time-barred. The defendant thereafter moved for leave to reargue that branch of its motion. In the order appealed from, the Supreme Court, upon reargument, adhered to its original determination in the order entered May 22, 2014. For the reasons set forth herein, we conclude that the causes of action alleging legal malpractice are time-barred.

" 'On a motion to dismiss a complaint pursuant to CPLR 3211 (a) (5) on statute of limitations grounds, the moving de-

fendant must establish, prima facie, that the time in which to commence the action has expired' " (*Landow v Snow Becker Krauss, P.C.*, 111 AD3d 795, 796 [2013], quoting *Zaborowski v Local 74, Serv. Empls. Intl. Union, AFL-CIO*, 91 AD3d 768, 768-769 [2012]; *see Aseel v Jonathan E. Kroll & Assoc., PLLC*, 106 AD3d 1037, 1038 [2013]). The statute of limitations for a cause of action alleging legal malpractice is three years (*see* CPLR 214 [6]). A cause of action to recover damages for legal malpractice accrues when the malpractice is committed, not when it is discovered (*see Town of Wallkill v Rosenstein*, 40 AD3d 972, 973 [2007]).

"Causes of action alleging legal malpractice which would otherwise be barred by the statute of limitations are timely if the doctrine of continuous representation applies" (*Macaluso v Del Col*, 95 AD3d 959, 960 [2012]; *see Louzoun v Kroll Moss & Kroll, LLP*, 113 AD3d 600, 601 [2014]). The continuous representation doctrine tolls the statute of limitations where "there is a mutual understanding of the need for further representation on the specific subject matter underlying the malpractice claim" (*McCoy v Feinman*, 99 NY2d 295, 306 [2002]; *see DeStaso v Condon Resnick, LLP*, 90 AD3d 809, 812 [2011]). Here, there is no real dispute that, pursuant to the doctrine of continuous representation, the three-year statute of limitations pertaining to the defendant's alleged legal malpractice in 2008 in action Nos. 1 and 2 was tolled during the time period when the defendant continued to represent the plaintiff in those actions (*see McCoy v Feinman*, 99 NY2d at 306; *DeStaso v Condon Resnick, LLP*, 90 AD3d at 812). At issue is when that representation and tolling ceased and the three-year statute of limitations period began.

The defendant met its prima facie burden by establishing that the statute of limitations expired on April 20, 2013, three years after the consents were executed by the plaintiff, the defendant, and new counsel. The defendant took no acts on behalf of the plaintiff in the actions after the consents were signed on April 20, 2010. The parties' execution of the consents on that date in all of the actions, including action Nos. 1 and 2, demonstrated the end of the defendant's representation of the plaintiff and the parties' mutual understanding that any future legal representation in the actions would be undertaken by the plaintiff's new counsel (*see McCoy v Feinman*, 99 NY2d at 306; *Landow v Snow Becker Krauss, P.C.*, 111 AD3d at 796). Therefore, the defendant met its prima facie burden of establishing that the three-year statute of limitations period for commencing a cause of action alleging legal malpractice

had expired at the time the plaintiff commenced this action on May 10, 2013.

Upon that showing, the burden then shifted to the plaintiff to raise a question of fact as to whether the tolling ceased on a date after April 20, 2010, such that the causes of action alleging legal malpractice were timely commenced (*see Landow v Snow Becker Krauss, P.C.*, 111 AD3d at 796-797; *Zaborowski v Local 74, Serv. Empls. Intl. Union, AFL-CIO*, 91 AD3d at 768-769). Here, the plaintiff failed to do so. The plaintiff contends that the statute of limitations did not begin running until May 12, 2010, when the May 2010 revised consent in action No. 1 was executed. However, the plaintiff failed raise a question of fact as to whether the attorney-client relationship between the defendant and the plaintiff continued in the actions after April 20, 2010, when the consents were executed (*see Farage v Ehrenberg*, 124 AD3d 159 [2014]; *McCoy v Feinman*, 99 NY2d at 306; *Landow v Snow Becker Krauss, P.C.*, 111 AD3d at 796). The May 2010 revised consent, which was prepared and distributed by new counsel, not the defendant, and related only to action No. 1, constituted "a mere memorialization of what had already occurred" in April 2010 (*Farage v Ehrenberg*, 124 AD3d at 168).

The plaintiff's remaining contentions are without merit.

Accordingly, the Supreme Court should have, upon reargument, granted that branch of the defendant's motion which was to dismiss the legal malpractice causes of action as time-barred. Rivera, J.P., Miller, Hinds-Radix and Duffy, JJ., concur.