In an action to recover damages for legal malpractice, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Winslow, J.), entered May 5, 2015, as granted that branch of the motion of the defendants Picciano <fe Scahill, P.C., and Sean Schaefer which was pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against them as time-barred.
Ordered that the order is affirmed insofar as appealed from, with costs.
“On a motion to dismiss a cause of action pursuant to CPLR 3211 (a) (5) as barred by the applicable statute of limitations, a defendant must establish, prima facie, that the time within which to sue has expired. Once that showing has been made, *1086 the burden shifts to the plaintiff to raise a question of fact as to whether the statute of limitations has been tolled, an exception to the limitations period is applicable, or the plaintiff actually commenced the action within the applicable limitations period” (Tsafatinos v Law Off. of Sanford F. Young, P.C., 121 AD3d 969, 969 [2014] [citation omitted]; see Landow v Snow Becker Krauss, P.C., 111 AD3d 795, 796 [2013]; Bullfrog, LLC v Nolan, 102 AD3d 719, 719 [2013]). The statute of limitations for a cause of action alleging legal malpractice is three years (see CPLR 214 [6]; Farage v Ehrenberg, 124 AD3d 159, 163 [2014]). “Accrual is measured from the commission of the alleged malpractice, when all facts necessary to the cause of action have occurred and the aggrieved party can obtain relief in court, regardless of when the operative facts are discovered by the plaintiff” (Farage v Ehrenberg, 124 AD3d at 164 [citations omitted]; see McCoy v Feinman, 99 NY2d 295, 301 [2002]; St. Stephens Baptist Church, Inc. v Salzman, 37 AD3d 589, 590 [2007]).
Causes of action alleging legal malpractice which would otherwise be barred by the statute of limitations are timely if the doctrine of continuous representation applies (see Glamm v Allen, 57 NY2d 87, 91-94 [1982]; Farage v Ehrenberg, 124 AD3d at 164; see also Alizio v Ruskin Moscou Faltischek, P.C., 126 AD3d 733, 735 [2015]). The continuous representation doctrine tolls the statute of limitations where there are clear indicia of “an ongoing, continuous, developing, and dependent relationship between the client and the attorney’ (Aseel v Jonathan E. Kroll & Assoc., PLLC, 106 AD3d 1037, 1038 [2013] [internal quotation marks omitted]; see Farage v Ehrenberg, 124 AD3d at 164).
Here, the defendants Picciano & Scahill, P.C., and Sean Schaefer (hereinafter together the Picciano defendants) met their prima facie burden by establishing that the statute of limitations expired on March 28, 2009, three years after a consent to change attorney form was executed by the plaintiff, the Picciano defendants, and new counsel, and that they did not act on behalf of the plaintiff in the subject actions after the consent was signed (see Alizio v Ruskin Moscou Faltischek, P.C., 126 AD3d at 735). Therefore, the Picciano defendants met their prima facie burden of establishing that the three-year statute of limitations period for commencing an action alleging legal malpractice had expired at the time the plaintiff commenced this action on or about September 11, 2014 (see id. at 735-736; see generally Bullfrog, LLC v Nolan, 102 AD3d at 720).
*1087 Contrary to the plaintiff’s contention, he failed to raise a question of fact as to whether the continuous representation doctrine tolled the running of the statute of limitations (see Landow v Snow Becker Krauss, P.C., 111 AD3d at 797; Bullfrog, LLC v Nolan, 102 AD3d at 720; Hasty Hills Stables, Inc. v Dorfman, Lynch, Knoebel & Conway, LLP, 52 AD3d 566, 567-568 [2008]). Further, the plaintiff failed to establish that facts essential to justify opposition to the Picciano defendants’ motion may exist, but, absent discovery, could not be stated (see CPLR 3211 [d]; Bennett v Panos, 120 AD3d 729, 731 [2014]).
The plaintiff’s remaining contention is without merit.
Accordingly, the Supreme Court properly granted that branch of the Picciano defendants’ motion which was pursuant to CPLR 3211 (a) (5) to dismiss, as time-barred, the complaint insofar as asserted against them.
Mastro, J.P., Dillon, Hinds-Radix and Maltese, JJ., concur.