(April 12, 2017)

■ 3RD & 6TH, LLC, Appellant, v STUART R. BERG, ESQ., Respondents. [53 NYS3d 78]—

In an action, inter alia, to recover damages for legal malpractice, the plaintiff appeals from an order of the Supreme Court, Nassau County (Cozzens, Jr., J.), entered April 9, 2015, which granted the defendants' motion pursuant to CPLR 3211 (a) to dismiss the complaint.

Ordered that the order is affirmed, with costs.

In 2009, the plaintiff sold a business located in North Babylon. The closing for the sale of the business took place on December 15, 2009. The defendant Stuart R. Berg of the defendant law firm Stuart R. Berg, P.C., represented the plaintiff at the closing.

In March 2014, the plaintiff commenced this action against the defendants to recover damages for negligence, negligent misrepresentation, and legal malpractice in connection with the closing documents. The defendants moved pursuant to CPLR 3211 (a) (5) and (7) to dismiss the complaint as time-barred.

An action to recover damages arising from legal malpractice must be commenced within three years, computed from the time the cause of action accrued to the time the claim is interposed (*see* CPLR 214 [6]; *McCoy v Feinman*, 99 NY2d 295 [2002]; *Rakusin v Miano*, 84 AD3d 1051 [2011]; *Tsafatinos v Lee David Auerbach, P.C.*, 80 AD3d 749 [2011]). " 'A legal malpractice claim accrues when all the facts necessary to the cause of action have occurred and an injured party can obtain relief in court. In most cases, this accrual time is measured from the day an actionable injury occurs, even if the aggrieved party is then ignorant of the wrong or injury. What is important is when the malpractice was committed, not when the client discovered it' " (*Tantleff v Kestenbaum & Mark*, 131 AD3d 955, 956 [2015], quoting *McCoy v Feinman*, 99 NY2d at 301). Continuous representation may toll the statute of limitations, but "only where there is a mutual understanding of the need for further representation on the specific subject matter underlying the malpractice claim" (*McCoy v Feinman*, 99 NY2d at 306; *see Shumsky v Eisenstein*, 96 NY2d 164 [2001]; *Tantleff v Kestenbaum & Mark*, 131 AD3d at 956-957; *Pittelli v Schulman*, 128 AD2d 600, 601 [1987]).

On a motion to dismiss a complaint as time-barred, a defendant must establish, prima facie, that the time in which to commence the action has expired. The burden then shifts to the plaintiff to raise a question of fact as to whether the statute of limitations is tolled or is otherwise inapplicable (*see Bullfrog, LLC v Nolan*, 102 AD3d 719 [2013]; *Rakusin v Miano*, 84 AD3d 1051, 1052 [2011]).

Here, the defendants established, prima facie, that the action was time-barred by demonstrating that the closing for the sale of the business took place in December 2009, while the action was commenced in March 2014 (*see Bullfrog, LLC v Nolan*, 102 AD3d at 720; *Rakusin v Miano*, 84 AD3d at 1052). In opposition, the plaintiff failed to raise a question of fact as to

whether continuous representation tolled the statute of limitations (*see McCoy v Feinman*, 99 NY2d at 306; *Bullfrog, LLC v Nolan*, 102 AD3d at 720).

The plaintiff also failed to raise a question of fact as to whether it was induced by the fraud, misrepresentations, or deception of the defendants to refrain from filing a timely action so as to invoke the doctrine of equitable estoppel to preclude the defendants from asserting the statute of limitations as a defense (*see Simcuski v Saeli*, 44 NY2d 442, 448-449 [1978]; *Garcia v Peterson*, 32 AD3d 992 [2006]).

The cause of action to recover damages for negligent misrepresentation was duplicative of the cause of action to recover damages for legal malpractice as it arose from the same underlying facts and did not allege distinct damages (*see Tsafatinos v Lee David Auerbach, P.C.*, 80 AD3d at 750; *Conklin v Owen*, 72 AD3d 1006 [2010]; *Symbol Tech., Inc. v Deloitte & Touche, LLP*, 69 AD3d 191, 199 [2009]). Accordingly, dismissal of that cause of action was proper.

The plaintiff's remaining contentions are without merit.

Accordingly, the Supreme Court properly granted the defendants' motion pursuant to CPLR 3211 (a) to dismiss the complaint. Balkin, J.P., Austin, Sgroi and LaSalle, JJ., concur.