Roubeni v Dechert, LLP (2018 NY Slip Op 01950)





Roubeni v Dechert, LLP


2018 NY Slip Op 01950


Decided on March 21, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
CHERYL E. CHAMBERS
ROBERT J. MILLER, JJ.


2015-06965
 (Index No. 606181/14)

[*1]Edward Roubeni, et al., appellants, 
v
Dechert, LLP, et al., respondents.


Jonathan E. Kroll & Associates, PLLC, Garden City, NY (David J. Glass of counsel), for appellants.
Petrillo Klein & Boxer LLP, New York, NY (Guy Petrillo and Deborah Frankel of counsel), for respondents.



DECISION & ORDER
Appeal from an order of the Supreme Court, Nassau County (Karen V. Murphy, J.), entered June 30, 2015. The order, insofar as appealed from, granted that branch of the defendants' motion which was pursuant to CPLR 3211(a)(5) to dismiss the complaint as time-barred.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In September 2005, the defendant Dechert, LLP (hereinafter Dechert), was retained to provide legal services in connection with a bankruptcy proceeding, which was marked "closed" on October 13, 2006. In November 2014, the plaintiffs commenced this action to recover damages for legal malpractice against Dechert and one of its attorneys. The defendants moved, inter alia, pursuant to CPLR 3211(a)(5) to dismiss the complaint as time-barred. In an order entered June 30, 2015, the Supreme Court, among other things, granted that branch of the defendants' motion. The plaintiffs appeal.
"In moving to dismiss a cause of action pursuant to CPLR 3211(a)(5) as barred by the applicable statute of limitations, the moving defendant bears the initial burden of demonstrating, prima facie, that the time within which to commence the cause of action has expired. The burden then shifts to the plaintiff to raise a question of fact as to whether the statute of limitations is tolled or is otherwise inapplicable" (Stein Indus., Inc. v Certilman Balin Adler & Hyman, LLP, 149 AD3d 788, 789; see Stewart v GDC Tower at Greystone, 138 AD3d 729, 729-730). "An action to recover damages arising from legal malpractice must be commenced within three years, computed from the time the cause of action accrued to the time the claim is interposed" (3rd & 6th, LLC v Berg, 149 AD3d 794, 795; see CPLR 214[6]; McCoy v Feinman, 99 NY2d 295). "A cause of action for legal malpractice accrues when the malpractice is committed, not when it is discovered" (Town of Wallkill v Rosenstein, 40 AD3d 972, 973). " However, pursuant to the doctrine of continuous representation, the time within which to sue on the claim is tolled until the attorney's continuing representation of the client with regard to the particular matter terminates'" (Stein Indus., Inc. v Certilman Balin Adler & Hyman, LLP, 149 AD3d at 789, quoting Aqua-Trol Corp. v Wilentz, Goldman & Spitzer, P.A., 144 [*2]AD3d 956, 957). "For the continuous representation doctrine to apply, there must be clear indicia of an ongoing, continuous, developing, and dependant relationship between the client and the attorney'" (Stein Indus., Inc. v Certilman Balin Adler & Hyman, LLP, 149 AD3d at 789, quoting Luk Lamellen U. Kupplungbau GmbH v Lerner, 166 AD2d 505, 506).
Here, the defendants satisfied their initial burden by demonstrating that this legal malpractice action accrued, at the latest, when the bankruptcy proceeding was terminated in October 2006, which was more than three years before the commencement of this action (see Stein Indus., Inc. v Certilman Balin Adler & Hyman, LLP, 149 AD3d at 789; Tsafatinos v Law Off. of Sanford F. Young, P.C., 121 AD3d 969, 969). In opposition, the plaintiffs failed to raise a question of fact as to whether the continuous representation doctrine tolled the running of the statute of limitations (see Stein Indus., Inc. v Certilman Balin Adler & Hyman, LLP, 149 AD3d at 789; Quinn v McCabe, Collins, McGeough & Fowler, LLP, 138 AD3d 1085, 1087).
Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was pursuant to CPLR 3211(a)(5) to dismiss the complaint as time-barred.
BALKIN, J.P., LEVENTHAL, CHAMBERS and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court