King Tower Realty Corp. v G & G Funding Corp. (2018 NY Slip Op 05027)





King Tower Realty Corp. v G & G Funding Corp.


2018 NY Slip Op 05027


Decided on July 5, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
HECTOR D. LASALLE
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2016-05738
2018-07827
 (Index No. 2431/15)

[*1]King Tower Realty Corp., respondent, 
v
G & G Funding Corp., et al., defendants, Maximo A. Figueredo, etc., appellant.


Lewis Brisbois Bisgaard & Smith LLP, New York, NY (Mark A. Anesh and Paula R. Gilbert of counsel), for appellant.



DECISION & ORDER
In an action, inter alia, to recover damages for legal malpractice, the defendant Maximo A. Figueredo appeals from an order of the Supreme Court, Queens County (Thomas D. Raffaele, J.), entered February 22, 2016. The order, insofar as appealed from, denied that branch of the motion of that defendant which was pursuant to CPLR 3211(a) to dismiss the third cause of action. The appeal brings up for review so much of an order of the same court entered January 26, 2017, as, upon reargument, adhered to so much of the determination in the order entered February 22, 2016, as denied that branch of the motion of the defendant Maximo A. Figueredo which was pursuant to CPLR 3211(a) to dismiss the third cause of action (see CPLR 5517[b]).
ORDERED that the appeal from the order entered February 22, 2016, is dismissed, as the portion of the order appealed from was superseded by the order entered January 26, 2017, made upon reargument; and it is further,
ORDERED that the order entered January 26, 2017, is reversed insofar as reviewed, on the law, upon reargument, so much of the order entered February 22, 2016, as denied that branch of the motion of the defendant Maximo A. Figueredo which was pursuant to CPLR 3211(a) to dismiss the third cause of action is vacated, and that branch of the motion is granted; and it is further,
ORDERED that one bill of costs is awarded to the defendant Maximo A. Figueredo.
The plaintiff commenced this action on February 27, 2015, inter alia, to recover damages for breach of contract, fraud, and legal malpractice. The plaintiff alleged that it retained the defendant Maximo A. Figueredo, an attorney, in connection with its procurement of a loan from the defendant G & G Funding Corp. (hereinafter G & G Funding) relating to real property the plaintiff owned in Queens. A mortgage was executed on June 30, 2010. On January 5, 2012, after G & G Funding declared a default on the loan, the plaintiff executed a deed and contract of sale in lieu of foreclosure transferring title to the property to G & G Funding. The plaintiff alleged that Figueredo made false and misleading statements and improperly advised it to execute the deed on the basis that the deed would be held in escrow, the other defendants could collect rents from the properties, and the plaintiff preserved a right of redemption.
Figueredo moved pursuant to CPLR 3211(a)(1), (5), and (7) to dismiss the complaint insofar as asserted against him on the grounds that it was time-barred, failed to state a cause of action, and was refuted by documentary evidence. The Supreme Court denied the motion. Subsequently, Figueredo moved for leave to reargue his motion to dismiss, and, upon reargument, the court adhered to so much of the original determination as denied that branch of his motion which was to dismiss the third cause of action, alleging legal malpractice against him, but otherwise granted his motion to dismiss the complaint insofar as asserted against him. Figueredo appeals.
" On a motion to dismiss a cause of action pursuant to CPLR 3211(a)(5) as barred by the applicable statute of limitations, a defendant must establish, prima facie, that the time within which to sue has expired. Once that showing has been made, the burden shifts to the plaintiff to raise a question of fact as to whether the statute of limitations has been tolled, an exception to the limitations period is applicable, or the plaintiff actually commenced the action within the applicable limitations period'" (Quinn v McCabe, Collins, McGeough & Fowler, LLP, 138 AD3d 1085, 1085-1086, quoting Tsafatinos v Law Off. of Sanford F. Young, P.C., 121 AD3d 969, 969; see Alizio v Ruskin Moscou Faltischek, P.C., 126 AD3d 733, 734-735; Landow v Snow Becker Krauss, P.C., 111 AD3d 795, 796). An action to recover damages for legal malpractice must be commenced within three years of accrual (see CPLR 214[6]; McCoy v Feinman, 99 NY2d 295, 301; Quinn v McCabe, Collins, McGeough & Fowler, LLP, 138 AD3d at 1086; Alizio v Ruskin Moscou Faltischek, P.C., 126 AD3d at 735; Farage v Ehrenberg, 124 AD3d 159, 163; Landow v Snow Becker Krauss, P.C., 111 AD3d at 796). "A legal malpractice claim accrues when all the facts necessary to the cause of action have occurred and an injured party can obtain relief in court'" (McCoy v Feinman, 99 NY2d at 301, quoting Ackerman v Price Waterhouse, 84 NY2d 535, 541; see Farage v Ehrenberg, 124 AD3d at 164). "In most cases, this accrual time is measured from the day an actionable injury occurs, even if the aggrieved party is then ignorant of the wrong or injury'" (McCoy v Feinman, 99 NY2d at 301, quoting Ackerman v Price Waterhouse, 84 NY2d at 541). "A cause of action to recover damages for legal malpractice accrues when the malpractice is committed, not when it is discovered" (Alizio v Ruskin Moscou Faltischek, P.C., 126 AD3d at 735; see McCoy v Feinman, 99 NY2d at 301; Quinn v McCabe, Collins, McGeough & Fowler, LLP, 138 AD3d at 1086; Farage v Ehrenberg, 124 AD3d at 164; Landow v Snow Becker Krauss, P.C., 111 AD3d at 796). The continuous representation doctrine serves to toll the statute of limitations and render timely an otherwise time-barred cause of action for legal malpractice, but "only where there is a mutual understanding of the need for further representation on the specific subject matter underlying the malpractice claim" (McCoy v Feinman, 99 NY2d at 306; see Alizio v Ruskin Moscou Faltischek, P.C., 126 AD3d at 735).
Here, Figueredo established that the legal malpractice cause of action accrued on January 5, 2012, when the plaintiff executed the deed and contract of sale in lieu of foreclosure transferring title to the property to G & G Funding, allegedly based upon Figueredo's advice and misrepresentations. Since the plaintiff did not commence this action until February 27, 2015, more than three years later, Figueredo demonstrated, prima facie, that the legal malpractice cause of action was time-barred (see Quinn v McCabe, Collins, McGeough & Fowler, LLP, 138 AD3d at 1086; Alizio v Ruskin Moscou Faltischek, P.C., 126 AD3d at 735; Landow v Snow Becker Krauss, P.C., 111 AD3d at 796).
In opposition, the plaintiff's submissions failed to demonstrate that any damages were incurred after the conveyance of the property on January 5, 2012. Further, there is no indication that Figueredo performed any legal services for the plaintiff with respect to the ownership or the financing of property after the January 5, 2012, conveyance. The plaintiff, thus, failed to raise a question of fact as to whether the alleged legal malpractice occurred at any time after January 5, 2012, or whether any continued representation by Figueredo served to toll the statute of limitations (see Quinn v McCabe, Collins, McGeough & Fowler, LLP, 138 AD3d at 1087; Alizio v Ruskin Moscou Faltischek, P.C., 126 AD3d at 736; Landow v Snow Becker Krauss, P.C., 111 AD3d at 797).
Accordingly, upon reargument, the Supreme Court should have granted that branch of Figueredo's motion which was to dismiss the third cause of action, alleging legal malpractice against him.
DILLON, J.P., LASALLE, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court