Sclafani v Kahn (2019 NY Slip Op 01115)





Sclafani v Kahn


2019 NY Slip Op 01115


Decided on February 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2015-10926
2016-01405
2016-11329
 (Index No. 30285/15)

[*1]Joseph Sclafani, et al., appellants,
v
Paul B. Kahn, et al., respondents.


Sidney Baumgarten, New York, NY, for appellants.
Catalano Gallardo & Petropoulos, LLP, Jericho, NY (Matthew K. Flanagan and Jessica L. Smith of counsel), for respondents Paul B. Kahn and Kahn & Licker, LLP.
Steinberg & Cavaliere, LLP, White Plains, NY (Ronald W. Weiner of counsel), for respondent Diversified Land Services, Ltd.



DECISION & ORDER
In an action, inter alia, to recover damages for legal malpractice, the plaintiffs appeal from (1) an order of the Supreme Court, Rockland County (Thomas E. Walsh, II, J.), dated October 29, 2015, (2) a judgment of the same court entered November 30, 2015, and (3) a judgment of the same court entered January 15, 2016. The order granted the motion of the defendants Paul B. Kahn and Kahn & Licker, LLP, and the separate motion of the defendant Diversified Land Services, Ltd., pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against each of them. The judgment entered November 30, 2015, is in favor of the defendants Paul B. Kahn and Kahn & Licker, LLP, and against the plaintiffs dismissing the complaint insofar as asserted against those defendants. The judgment entered January 15, 2016, is in favor of the defendant Diversified Land Services, Ltd., and against the plaintiffs dismissing the complaint insofar as asserted against that defendant.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment entered November 30, 2015, is affirmed; and it is further,
ORDERED that the judgment entered January 15, 2016, is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the defendants appearing separately and filing separate briefs.
The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgments in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeals from the judgments (see Matter of Grossbarth v Dankner, Milstein & [*2]Ruffo, P.C., 157 AD3d 681).
In January 2015, the plaintiffs commenced this action, inter alia, to recover damages for legal malpractice allegedly committed by the defendants at the closing of a loan on June 24, 2009. The defendants represented the plaintiffs at the closing, and the plaintiffs alleged that, as part of that transaction, the defendants were supposed to, but did not, negotiate security from the borrower for the loan by obtaining a mortgage against certain real property located in Orangeburg.
The defendants Paul B. Kahn and Kahn & Licker, LLP, moved, and the defendant Diversified Land Services, Ltd., separately moved, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against each of them. The defendants argued, inter alia, that the complaint was barred by the applicable statute of limitations. In opposition, the plaintiffs argued that the continuous representation doctrine applied to toll the applicable statute of limitations. The Supreme Court granted the defendants' respective motions, and the plaintiffs appeal.
" On a motion to dismiss a cause of action pursuant to CPLR 3211(a)(5) as barred by the applicable statute of limitations, a defendant must establish, prima facie, that the time within which to sue has expired. Once that showing has been made, the burden shifts to the plaintiff to raise a question of fact as to whether the statute of limitations has been tolled, an exception to the limitations period is applicable, or the plaintiff actually commenced the action within the applicable limitations period'" (Quinn v McCabe, Collins, McGeough & Fowler, LLP, 138 AD3d 1085, 1085-1086, quoting Tsafatinos v Law Off. of Sanford F. Young, P.C., 121 AD3d 969, 969; see Alizio v Ruskin Moscou Faltischek, P.C., 126 AD3d 733, 734-735; Landow v Snow Becker Krauss, P.C., 111 AD3d 795, 796). An action to recover damages for legal malpractice must be commenced within three years of accrual, "regardless of whether the underlying theory is based in contract or tort" (CPLR 214[6]; see McCoy v Feinman, 99 NY2d 295, 301; Chase Scientific Research v NIA Group, 96 NY2d 20; Quinn v McCabe, Collins, McGeough & Fowler, LLP, 138 AD3d at 1086; Alizio v Ruskin Moscou Faltischek, P.C., 126 AD3d at 735; Farage v Ehrenberg, 124 AD3d 159, 163; Landow v Snow Becker Krauss, P.C., 111 AD3d at 796). "A cause of action to recover damages for legal malpractice accrues when the malpractice is committed, not when it is discovered" (Alizio v Ruskin Moscou Faltischek, P.C., 126 AD3d at 735; see McCoy v Feinman, 99 NY2d at 301; Quinn v McCabe, Collins, McGeough & Fowler, LLP, 138 AD3d at 1086; Farage v Ehrenberg, 124 AD3d at 164; Landow v Snow Becker Krauss, P.C., 111 AD3d at 796).
However, "[t]he continuous representation doctrine serves to toll the statute of limitations and render timely an otherwise time-barred cause of action for legal malpractice, but only where there is a mutual understanding of the need for further representation on the specific subject matter underlying the malpractice claim'" (King Tower Realty Corp. v G & G Funding Corp., 163 AD3d 541, 543, quoting McCoy v Feinman, 99 NY2d at 306; see Alizio v Ruskin Moscou Faltischek, P.C., 126 AD3d at 735). For the doctrine to apply, "there must be clear indicia of an ongoing, continuous, developing, and dependent relationship between the client and the attorney'" (Farage v Ehrenberg, 124 AD3d at 164, quoting Aseel v Jonathan E. Kroll & Assoc., PLLC, 106 AD3d 1037, 1038; see Quinn v McCabe, Collins, McGeough & Fowler, LLP, 138 AD3d at 1086).
Here, the defendants established that the plaintiffs' legal malpractice cause of action was time-barred, as it accrued on June 24, 2009, at the conclusion of the closing (see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer, 8 NY3d 438, 442). In opposition to the defendants' respective motions, the plaintiffs failed to raise a question of fact as to whether the continuous representation doctrine tolled the applicable statute of limitations. Indeed, the communications between the parties upon which the plaintiffs rely, which occurred after the statute of limitations had run, demonstrated that the attorney-client relationship in this matter had ceased at the conclusion of the closing, and was not continued.
The plaintiffs' remaining contentions are without merit or need not be addressed in light of our determination.
ROMAN, J.P., HINDS-RADIX, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court