Lambro Indus., Inc. v Gilbert (2024 NY Slip Op 06189)

Lambro Indus., Inc. v Gilbert

2024 NY Slip Op 06189

Decided on December 11, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 11, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
LARA J. GENOVESI
LOURDES M. VENTURA, JJ.

2024-00342
 (Index No. 602533/23)

[*1]Lambro Industries, Inc., et al., appellants, 
v
Howard E. Gilbert, et al., respondents.

The Abramson Law Group, PLLC, New York, NY (Howard Wintner of counsel), for appellants.
Kaufman Borgeest & Ryan LLP, Valhalla, NY (David Bloom and Brennan P. Breeland of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for breach of fiduciary duty, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (James F. Quinn, J.), dated December 6, 2023. The order granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is affirmed, with costs.
In March 2019, the plaintiffs, two related corporations, entered into an employment agreement (hereinafter the agreement) with Shivraj Anand, who was then serving as their president and chief executive officer. The agreement contained a provision entitling Anand to certain compensation upon the termination of his employment, which occurred in December 2020. In June 2021, Anand filed a demand for arbitration, alleging that the plaintiffs breached the posttermination compensation provision in the agreement. Shortly thereafter, the plaintiffs commenced an action in the Supreme Court, inter alia, for a judgment declaring that the agreement is void. In an order dated January 25, 2022, the court, among other things, after concluding that an arbitrator should determine the validity of the agreement, stayed the action and directed the parties to proceed to arbitration.
On January 31, 2023, the plaintiffs commenced this action ostensibly to recover damages for breach of fiduciary duty against the defendants, a law firm and its principal attorney. In the complaint, the plaintiffs alleged that the defendants drafted the agreement while improperly representing both them and Anand in relation thereto. The defendants moved pursuant to CPLR 3211(a) to dismiss the complaint. In an order dated December 6, 2023, the Supreme Court granted the motion. The plaintiffs appeal.
"In moving to dismiss a cause of action pursuant to CPLR 3211(a)(5) as barred by the applicable statute of limitations period, a defendant bears the initial burden of demonstrating, prima facie, that the time within which to commence the action has expired. If the defendant meets this initial burden, the burden shifts to the plaintiff to raise a question of fact as to whether the statute of limitations has been tolled, an exception to the limitations period is applicable, or the plaintiff actually commenced the action within the applicable limitations period" (Webster v Sherman, 165 AD3d 738, 741 [alteration, citations, and internal quotation marks omitted]). The Supreme Court, [*2]in considering whether the complaint pleaded a timely cause of action, construed the sole cause of action in the complaint, which sought to recover damages for breach of fiduciary duty, as one to recover damages for legal malpractice. For the purpose of determining whether the complaint was time-barred, however, the same standards apply to either type of cause of action.
"To state a cause of action to recover damages for legal malpractice, a plaintiff must allege: (1) that the attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession; and (2) that the attorney's breach of the duty proximately caused the plaintiff actual and ascertainable damages" (Katsoris v Bodnar & Milone, LLP, 186 AD3d 1504, 1505 [internal quotation marks omitted]). "The statute of limitations for a cause of action to recover damages for legal malpractice is three years" (Tulino v Hiller, P.C., 202 AD3d 1132, 1135). "To establish a prima facie case for breach of fiduciary duty, a plaintiff must allege (1) the existence of a fiduciary relationship, (2) misconduct by the defendant, and (3) damages directly caused by the defendant's misconduct" (P.S. Fin., LLC v Eureka Woodworks, Inc., 214 AD3d 1, 31 [internal quotation marks omitted]; see Village of Kiryas Joel v County of Orange, 144 AD3d 895, 898). Although an action to recover damages for breach of fiduciary duty normally requires a lower standard of causation, "in the context of an action asserting attorney liability, the claims of [legal] malpractice and breach of fiduciary duty are governed by the same standard of ['but for' causation]" (Ulico Cas. Co. v Wilson, Elser, Moskowitz, Edelman & Dicker, 56 AD3d 1, 10; see Schiller v Bender, Burrows and Rosenthal, LLP, 116 AD3d 756, 757; Boone v Bender, 74 AD3d 1111, 1113). In circumstances where the relief sought is monetary and there is no allegation of fraud, the statute of limitations for a breach of fiduciary duty cause of action is three years (see Jadidian v Goldstein, 210 AD3d 969, 970). Moreover, as with other torts, causes of action to recover damages for either legal malpractice or breach of fiduciary duty do not begin to accrue until "the claim becomes enforceable, i.e., when all elements of the tort can be truthfully alleged in a complaint" (Britt v Legal Aid Socy., 95 NY2d 443, 447 [internal quotation marks omitted]; see IDT Corp. v Morgan Stanley Dean Witter & Co., 12 NY3d 132, 140; Farage v Ehrenberg, 124 AD3d 159, 163-164). Such causes of action are "not enforceable until damages are sustained" (IDT Corp. v Morgan Stanley Dean Witter & Co., 12 NY3d at 140 [internal quotation marks omitted]) or, in other words, until "the day an actionable injury occurs" (McCoy v Feinman, 99 NY2d 295, 301). This is so "even if the aggrieved party is . . . ignorant of the wrong or injury" on the accrual date (King Tower Realty Corp. v G & G Funding Corp., 163 AD3d 541, 543 [internal quotation marks omitted]; see Dignelli v Berman, 293 AD2d 565, 566). Further, in appropriate circumstances, "[t]he continuous representation doctrine serves to toll the statute of limitations and render timely an otherwise time-barred cause of action [alleging either] legal malpractice" or breach of fiduciary duty (King Tower Realty Corp. v G & G Funding Corp., 163 AD3d at 543; see Transport Workers Union of Am. Local 100 AFL-CIO v Schwartz, 32 AD3d 710, 715-716).
Here, contrary to the plaintiffs' contention, the Supreme Court properly determined that the sole cause of action—whether viewed as seeking damages for breach of fiduciary duty or legal malpractice—was time-barred (see Oliveto Holdings, Inc. v Denis W. Light, PLLC, 137 AD3d 1095, 1095). The plaintiffs sustained an actionable injury, and the cause of action therefore accrued, when the agreement allegedly drafted by the defendants was executed in March 2019 (see Ackerman v Price Waterhouse, 84 NY2d 535, 541-543; Landow v Snow Becker Krauss, P.C., 111 AD3d 795, 795-797; Iser v Kerrigan, 37 AD3d 662, 663). Contrary to the plaintiffs' contention, their alleged damages were "sufficiently calculable" at that time "to permit [them] to obtain prompt judicial redress" (McCoy v Feinman, 99 NY2d at 305). Under the circumstances presented, the subsequent legal proceedings between the plaintiffs and Anand concerning the validity of the agreement did not affect whether the cause of action accrued at the time the agreement was executed (see DeStaso v Condon Resnick, LLP, 90 AD3d 809, 810-811; McCormick v Favreau, 82 AD3d 1537, 1538-1539; Byron Chem. Co., Inc. v Groman, 61 AD3d 909, 910).
In opposition to the defendants' prima facie showing that the complaint was time-barred, the plaintiffs failed to raise a question of fact. Contrary to the plaintiffs' assertion, they did not demonstrate that the continuous representation doctrine tolled the statute of limitations (see McCoy v Feinman, 99 NY2d at 305-306; Landow v Snow Becker Krauss, P.C., 111 AD3d at 797; cf. DeStaso v Condon Resnick, LLP, 90 AD3d at 812-813). Further, to the extent the plaintiffs [*3]contend, in effect, that the doctrine of equitable estoppel applied because the defendants actively concealed the existence of the agreement, the plaintiffs failed to establish that they commenced the action within a reasonable time after learning of the agreement (see Simcuski v Saeli, 44 NY2d 442, 449-450; Bevinetto v Steven Plotnick, M.D., P.C., 51 AD3d 612, 614; Marincovich v Dunes Hotels & Casinos, Inc., 41 AD3d 1006, 1010).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
IANNACCI, J.P., WOOTEN, GENOVESI and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court